# Cope *versus* Kidney.

1. Where a defendant, in an action of ejectment, defends upon a prior title in himself, which, the plaintiff alleges, was given by the defendant's grantor for the purpose of defrauding him as a creditor, the admissions and declarations of the defendant and of his grantor are competent evidence as to whether the conveyance to the defendant is fraudulent or not.

2. Where the defendant, in an action of ejectment,.did not object to the validity of the plaintiff's title in the court below, but rested his defence upon a prior title in himself, he will not, by an assignment of error, be permitted to attack it in the Supreme Court.

3. It is not error for the court to amend a verdict in an action of ejectment from, "Verdict for plaintiff $1,435.79," to "Verdict for the plaintiff for the land described in the writ, without prejudice to the right of the plaintiff to bring suit for mesne profits."

January 19th, 1887.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.    CLARK, J., absent.

ERROR to the Court of Common Pleas, No. 1, of *Philadelphia county:* Of July Term, 1886, No. 200.

This was an action of ejectment brought to recover a lot of ground with the buildings thereon, situated in the city of Philadelphia, on the east side of Seventh street, 226 feet $3\frac{3}{4}$ inches northward from the north side of Susquehanna avenue, containing in front on said Seventh street 30 feet, and extending in depth eastward 174 feet $10\frac{1}{2}$ inches to Marshall street.    Plea, not guilty.

This lot was the property of Thomas Cope, who died seized thereof.    By his will he devised his entire estate to his widow, Eliza Cope, *durante viduitate*, with remainder, on the death or marriage of his said widow, to his children, share and share alike.

The plaintiff claimed title to the premises by virtue of a sheriff's deed, dated February 11th, 1882.    To sustain this deed, he gave in evidence the record of an action and judgment, Albert N. Kidney *v.* Eliza Cope, by which it appeared that a judgment was recovered on September 6th, 1880, against Mrs. Cope, for the sum of $1,435.79, that the premises in suit were levied upon, and upon the 25th of January, 1882, were sold by the sheriff to the plaintiff.

The defendant, who was the son of Mrs. Cope and one of the remaindermen under the will, gave in evidence a deed for the premises from his mother to himself, dated December 13th, 1879, and recorded December 15th, 1879.

[Cope v. Kidney.]

The plaintiff, in rebuttal, offered to show that, before the deed from Eliza Cope to her son, Zeno Cope, had been delivered, the grantor was indebted on thirteen promissory notes, aggregating $1,400; that said notes had been placed in the hands of a collection agency for collection, and Mrs. Cope had been notified. Objected to. Objection overruled. Exception for defendant. (First assignment of error.)

Plaintiff offered to show that the plaintiff went to see Mrs. Cope with reference to the note, when she said she would convey away the property—before any deed was made. Objected to. Objection overruled. Exception for defendant. (Second assignment of error.)

The evidence on the question of fraud was as follows:— That Mrs. Cope was indebted on some thirteen promissory notes, dated in 1873 and 1875, of which the plaintiff, by assignment and otherwise, became the owner. One Hendricks had obtained a judgment against Mrs. Cope in September; at the date of the deed to Cope, his mother was seventy-two years of age and not very strong; the land conveyed was subject to a ground-rent of $37.50, water-rent of $23 and taxes, $61; the defendant paid his mother therefor $300, which included $120 paid on account of the judgment, upon which Mr. C. F. Corson, representing Hendricks, was threatening to issue execution. It also appeared that the defendant allowed his mother three dollars a week. Two witnesses swore that on a certain occasion Cope said that he had bought the life estate of his mother in order to defraud her creditors. This was denied by Cope.

Verdict for the plaintiff in the sum of $1,435.79. By order of court, judgment was entered on the verdict in favor of the plaintiff for the land described in the writ of ejectment, and without prejudice to the right of the plaintiff to bring suit for mesne profits.

The defendant thereupon took this writ and assigned for error, in addition to the admission of the plaintiff's testimony as above shown, the following:

The jury having given a verdict for plaintiff for $1,435.79, the learned court erred in making the following order: "June 28th, 1886. The rule for a new trial is discharged and it is ordered that, upon payment of the jury fee, judgment be entered in the above case on the verdict in favor of the plaintiff for the land described in the writ of ejectment, and without prejudice to the right of the plaintiff to bring suit for mesne profits. (Third assignment of error.)

The record, under which alone the plaintiff below claimed title, showed a sale of a life estate without the preliminary order required by law, the whole proceeding was, therefore, a

[Cope *v.* Kidney.]

nullity, and the judgment should have been for the defendant. (Fourth assignment of error.)

*F. Carroll Brewster* and *Henry Budd* (*Robert Ingram* with them) for plaintiff in error.—I. Can the defendant in error, who in the court below showed no title, be allowed to recover the premises on the ground that, at the time of the delivery of the deed to the plaintiff in error, the grantor was indebted to the said defendant in error, and that the deed was given to hinder and defraud creditors?

The mere statement of the case shows that no title to the premises was taken.

Prior to the Act of January 24, 1849, P. L. 677, a life estate was not the subject of levy and sale upon execution : Near *v.* Watts, 8 Watts, 319; Eyrick *et al. v.* Hetrick, 1 Harris, 487.

Under the Act of 1849, it is provided " that no writ shall be issued unless by direction of the proper court; and, on the application of any lien creditor for a writ of *venditioni exponas*, the tenant for life shall have at least ten days' notice of the application for such writ."

This is not *res nova* in this court, and the court is not asked to interpret for the first time the statute of 1849, but it has already laid down the law, as above stated in the cases of Kintz *v.* Long, 6 Casey, 501, and Snyder *v.* Christ, 3 Wr., 409.

II. Can a court enter a judgment which in no sense represents or follows the verdict upon which it is professedly based ?

A court may undoubtedly amend a verdict so as to make it conform to what the jury really found, and then enter the proper judgment upon it, or it may permit a verdict excessive in amount to stand, on the entry by the plaintiff of a *remittitur ;* but, where a jury has found a verdict which in no way bears upon the issue before it, for a court to enter a judgment as on that verdict, by practically striking out the verdict altogether and substituting as the basis of judgment such a verdict as it thinks the jury ought to have given, is, we submit, a proceeding without precedent, and, if allowed to become one, fraught with most dangerous consequences—and what have we here ? Not a verdict expressly that the plaintiff recover the land, or for the plaintiff simply, or for six cents damages, either of which latter alternatives might well, in the light of custom, be interpreted to mean a verdict for the land—but a verdict for a large sum of money, and that sum the exact amount of the proven debt of the grantor of the land, and the court strikes out the verdict for the money, requiring no *remittitur*, and substitutes a verdict for the land. In fact, the court assumes such absolute control of the matter that it does not even go through the formality of amending the verdict ; it simply orders

[Cope v. Kidney.]

that "judgment be entered in the above case on the verdict in favor of the plaintiff, for the land described, without prejudice to the right of the plaintiff to bring suit for mesne profits." This we submit is serious error.

III. Can the declaration of a grantor be admitted to affect her grantee's title?

The declarations of a grantor are, it is true, admissible in evidence where those declarations are concerning the title held by him and are made while he still holds the title, but this is where the grantor's title is the point of the issue. Such testimony would, therefore, be relevant as of declarations against interest, but here the question is the fraud of the defendant, the grantee, for the deed would in any event be good against Mrs. Cope, no matter what her intentions were. Therefore her declarations are not admissible as against interest, where the issue is not on her fraud, but upon that of Zeno Cope, and it is respectfully submitted that it was error when there was not the slightest proof of collusion upon the grantee's part to admit in evidence her declarations of an intent to commit a fraud in order to prove the grantee guilty of a fraud : Tripner v. Abraham, 11 Wr., 220.

*Charles F. Corson*, for defendant in error.—The first and second assignments of error, embraced in the first and second exceptions, may be considered together.

In judging of the propriety of the ruling by the learned judge in the court below, we must bear in mind that the question which was tried was the question of actual fraud, in which Mrs. Cope and her son were the chief actors. In Ferris v. Irons, 2 Norris, 179, it is said : Actual fraud is always emphatically a question for the jury, and the evidence is permitted to take a wide range, as, in the majority of cases, it rests upon circumstances and not upon direct proof. It is concocted in the dark, and the perpetrators are careful not to make any one a witness to the declaration of their designs.

To the same effect are Simon v. Vulcan Ore Co., 11 P. F. S., 202; Stauffer v. Young, 3 Wright, 455; Zerve v. Miller, 4 Harris, 488; Draker v. Temple, 5 Wright, 234; Peterson v. Speer, 5 Casey, 491; Souder v. Scheekterly, 10 Norris, 83. As to the third assignment of error, it may be observed : The power of the court to mould and construe an informal verdict so as to make it legal, if possible, is well settled, as will appear by the following cases : Fisher v. Kean, 1 Watts, 261 ; Freedly v. Scheetz, 9 S. & R., 156; Pedan v. Hopkins, 13 S. & R., 56; Haycock v. Greup, 57 Pa., 438.

In the latter case the Supreme Court says : The paper brought in by the jury in this case was exceedingly unlettered,

but it was a general verdict for the plaintiff, and, without asking an explanation from the jury, the court might have moulded it into the form in which the verdict is recorded.

To the same effect is Bickham *v.* Smith, 12 P. F. S., 45.

Mere surplusage in a verdict may be disregarded, and a proper judgment entered. Watkins *v.* B. Asso., 97 Pa., 514: Hartley *v.* White, 94 .Pa., 31.

As the point which is sought to be raised by the fourth assignment of error was not made in the court below, it cannot be made the subject of an assignment of error here. If authority is needed for so plain a proposition, it may be found in the following cases: Wright *v.* Wood, 11 Harris, 120; Uplinger *v.* Bryan, 2 Jones, 219.

In Powell *v.* Sedgwick, 5 Wharton, 336, this court says: "Unless exception be made at the trial to the admission of evidence, this court will affirm the judgment of the court below, although the evidence he brought up with a bill of exceptions and error is assigned in respect to the admission of the evidence."

To the same effect are Snively *v.* Egle, 1 W. & S., 480; Rank *v.* Rank, 5 Barr, 211, and many other cases.

It would be manifestly unfair to the court below and to the defendant in error that a question, which was not raised or even alluded to on the trial, should be now made the subject of an assignment of error in this court.

Mr. Justice TRUNKEY delivered the opinion of the court, March 28th, 1887.

The first and second assignments of error are not well taken. As the cause was tried, the only controverted question of fact was, whether Eliza Cope conveyed the land to Zeno Cope with intent to defraud the plaintiff, who was her creditor. It was competent to prove the declarations of both of them tending to establish such purpose, and, if the jury believed the testimony, they could hardly have avoided finding that the deed was executed for that purpose.

The defendant did not deny the validity of the plaintiff's title on any ground other than that his deed was prior to the judgment which was the foundation of the sheriff's sale. He did not attempt to defeat recovery for any cause, save that his deed was older than the judgment, and that he was a *bona fide* purchaser. If he believed the plaintiff's title was fatally defective, he should have objected to its admission in evidence, or prayed instruction that the plaintiff's evidence did not entitle him to recover. Had he done so, and there was a defect, the plaintiff might have adduced other evidence. But, be that as it may, he cannot object to a title here which he did

[Flanigan v. Flanigan.]

not controvert in the court below, and the fourth assignment. will not be considered.

The plaintiff's recovery depended on his satisfying the jury that the defendant's deed was void as against the purchaser at sheriff's sale. It is obvious that the jury heard little, if anything, besides the dispute about the alleged scheme to prevent collection of the plaintiff's debt, owing by Mrs. Cope, which amounted to $1,435.79. They rendered, "Verdict for plaintiff, $1,435.79." Nothing but nominal damages was warranted by any claim or testimony in the cause. That the verdict is good for the land described in the writ or declaration, is clear. Had there been claim and proof of mesne profit, judgment could have been entered on the verdict as rendered. We are of opinion that the court properly entered judgment for the land, which implies amendment of the verdict by striking off "$1,435.79" as surplusage. The words, "without prejudice to the right of the plaintiff. to bring suit for mesne profits," are not prejudicial to the defendant's rights, for it does not appear that mesne profits were claimed, proved or recovered in the trial of the ejectment.

Judgment affirmed.