## Stone v. Hart, Appellants.

*Brokers—Commissions—Sale of real estate—Issue of fact—Case
for jury.*

In an action of assumpsit to recover commissions earned in the
sale of real estate, the case was for the jury, and a verdict for
plaintiff will be sustained where the issue was purely one of fact
as to the exact provisions of an oral contract.

Where the plaintiff presented a point, that if the jury believed that
the plaintiff had procured a purchaser for the defendant's property
who was ready and willing to comply with the defendant's terms,
the verdict should be for the plaintiff in the sum of $500.00, it was
error to affirm the point, with the stipulation if the jury should find
that there was a contract.

There was a dispute as to the terms of the contract, as well as to
whether it existed, and such instructions were not in accordance
with the evidence.

A real estate broker may recover for commissions on sales pro-
vided that they were earned after he had paid his tax and secured
his license.

Argued April 14, 1925. Appeal, No. 173, April T.,
1925, by defendants, from judgment of C. P. Erie Co.,
September T., 1923, No. 154, on verdict for the plain-
tiff in the case of A. G. Stone v. William S. Hart and
Gertrude H. Hart. Before HENDERSON, TREXLER, KEL-
LER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit by a real estate broker to recover commissions due him.  Before Hirt, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $500.00, and judgment thereon.  Defendants appealed.

*Errors assigned,* inter alia, were the charge of the court, the refusal of defendants' motions for a new trial and judgment non obstante veredicto and in directing judgment to be entered on the verdict.

*D. R. Cushman,* for appellants.—Though no particular paragraph of a charge constitutes reversible error, yet where the tendency, as a whole, is to mislead, there is reversible error: Weiss v. London Co., 280 Pa. 325.

Subsequent compliance with the law will not cure the illegality of previous transactions:  Chicago Building & Mfg. Co. v. Myton, 24 Pa. Superior Court 16; Delaware R. Q. Co. v. Bethlehem & N. P. Ry. Co., 204 Pa. 22; Johnson v. Hulings 103 Pa. 498; Luce v. Cook, 227 Pa. 224.

*Thomas W. Spofford,* of *Reed, Wait & Spofford,* for appellee.—Where a charge, taken as a whole, is not erroneous or inadequate, and presents the issues of fact fully to the jury, the appellate court will not reverse, although portions of the charge, standing alone, may fairly and justly be open to criticism:  McCormick v. Bickerton, 251 Pa. 466.

Exception to a charge must be made at the time or it will be presumed the party was satisfied with the charge:  Bailey v. Mill Creek Coal Co., 20 Pa. Superior Ct. 186; Act of May 24, 1923, P. L. 439.

OPINION BY KELLER, J., July 9, 1925:

Action in assumpsit by a real estate broker for commissions alleged to be due him for securing a buyer for defendants' farm.

It was not disputed that an oral contract had been entered into between the plaintiff and Mr. Hart looking to a sale of the farm. The disagreement was as to the terms of the contract. The plaintiff alleged that he was to receive all that the farm sold for in excess of $5,000, and that the asking price was to be $5,500. On the other hand Hart testified that the agreement was that the plaintiff was to have $500 if he sold the farm for $5,500 within two weeks thereafter. If sold after that period plaintiff was to receive less, as defendants were to be compensated for planting a thousand grape roots and doing certain other work; but the exact amount to be paid as commissions was not fixed. According to Hart's story the arrangement was to expire at the end of sixty days. Plaintiff procured a purchaser at $5,500 about five months later, and sued for $500 commission.

With this conflict of evidence as to the terms of the contract it was not for the court to decide the disputed questions of fact or any of them. Plaintiff presented the following point: "If the jury believe that the plaintiff during the continuance of his agency procured a purchaser for the defendant's property who was ready and willing to comply with the defendant's terms then your verdict should be for the plaintiff for $500," which the court answered as follows: "That point is affirmed if you find that there was a contract between the plaintiff and defendants, or either of them."

This assumed as a fact, that if there was a contract between the parties, the plaintiff was entitled to a verdict of $500; regardless of whether the jury believed the plaintiff's or defendants' version of its terms. This was error. The second assignment is sustained.

As the services for which the plaintiff asked compensation were not performed until he was duly licensed as a broker, we find no error in the court's refusal of the defendants' motion for judgment non obstante veredicto.

The judgment is reversed and a new trial awarded.