## Lessy et al. *v.* Fletcher, Appellant.

*Brokers—Commissions—Real estate brokers—Failure to register—Effect.*

In an action of assumpsit by real estate brokers, for a commission alleged to have been earned on the sale of real estate, judgment for plaintiffs will be reversed, where it appears that plaintiffs were not licensed brokers at the time the commission was earned.

In such a case, the fact that the plaintiffs were registered at the time the contract for commissions was entered into, and at the time the deed was delivered, will not entitle them to judgment, even though it is conclusively shown that plaintiffs were the efficient cause of the sale.

The correct test in such cases is whether plaintiffs were licensed at the date upon which the commission was earned by performing the service for which they were employed, viz: bringing the parties together and consummating the agreement for the sale.

The payment of the tax and the securing of a license is a condition precedent to the lawful transaction of business by a real estate broker, and he cannot have the aid of the Courts to recover commissions earned before the payment of the tax and the securing of the license. Subsequent compliance with the law will not cure the illegality of previous transactions.

Argued December 14, 1926. Appeal No. 317, October T., 1926, by defendant, from judgment of M. C. Philadelphia County, December T., 1924, No. 343, in the case of Benjamin Lessy and Clara S. Bank, trading as Trio Realty Company vs. John P. Fletcher. Before Porter, P. J., Henderson, Trexler, Keller, Linn and Cunningham, JJ. Reversed.

Assumpsit by real estate brokers to recover commissions alleged to have been earned upon the sale of real estate. Before Knowles and Glass, JJ., without a jury.

The facts are stated in the opinion of the Superior Court.

The Court found in favor of the plaintiffs. Defendant appealed.

*Errors assigned* were the refusal of defendant's

motion for judgment non obstante veredicto and the judgment of the court.

*Joseph A. Culbert,* for appellant.

*M. B. Elwert,* and with him *Herbert W. Salus,* for appellee.

Opinion by Cunningham, J., March 3, 1927:

This action was tried by a judge of the Municipal Court of the County of Philadelphia without a jury. By it the plaintiffs, real estate brokers in the City and County of Philadelphia, duly registered as trading under the fictitious name, Trio Realty Company, sought to recover from the defendant, John P. Fletcher, another real estate dealer in said city, the sum of $117.50, with interest, as their half of a broker's commission of two and one-half per cent received by defendant for selling the property at Nos. 2921 and 2923 W. Susquehanna Avenue (in which the wife of the defendant had an interest), at a price of $9,400. From the agreed statement of facts, substituted and printed by the parties under our Rule No. 56, in lieu of the evidence, we are thus advised with respect to the material facts: The property was in the hands of the defendant, a licensed real estate broker, for sale at a price of $9,400, out of which he was entitled to retain a commission of two and one-half per cent. The plaintiffs knew of a prospective purchaser and the defendant orally agreed to pay them one-half of his commission if they procured a satisfactory purchaser. Some time in December, 1923, (the month in which the agreement to divide the commission was made), plaintiffs produced one, Max Berman, as a purchaser willing to pay $9,000 for the property. This amount was satisfactory to the defendant and $300 was deposited by the proposed purchaser on account of the price offered. The owners of the property, how-

ever, refused to sell for $9,000 and the deposit was returned to Berman. Subsequently, on January 10, 1924, the plaintiffs induced Berman to increase his offer to $9,400, which offer was accepted by the owners and on that date an agreement of sale was entered into. On June 8, 1924, the settlement was made and the deed delivered to the purchaser. The plaintiffs were the efficient cause of the sale but the defendant, having collected his commission of two and one-half per cent, refused to pay the plaintiffs one-half thereof, upon the ground that the plaintiffs were not duly licensed real estate brokers at the time the commission was earned. Plaintiffs were duly licensed as real estate brokers for the year 1923 but did not pay the tax or receive a license for 1924 until May 16th of that year. The trial judge found in favor of the plaintiffs and the defendant moved for judgment non obstante. The court below overruled this motion and entered judgment for the plaintiffs on the findings, from which judgment we have this appeal.

In the opinion of the court below the following paragraph appears: "According to Lessy's testimony, negotiations started about December 10, 1923, and about Christmas of 1923 he had induced his purchaser to raise his offer of nine thousand dollars to ninety-four hundred dollars, and this was in no way contradicted." In the absence of the testimony we cannot ascertain whether there was any evidence to sustain the finding that Berman was induced to raise his offer to $9,400 in December, 1923. Such finding is in direct conflict with the statement of facts agreed upon by the parties, in which it is explicitly stated "That subsequently, on January 10, 1924, the plaintiffs induced their client, Max Berman, to increase his offer to $9,400 which was accepted and on January 10, 1924, an agreement of sale was entered into." In any event the court below did not find that the offer was com-

municated to and accepted by the owners prior to January 10, 1924. It is also clear that the finding of fact to which we have referred is not the ground for the conclusion reached by the court below for in the next paragraph of the opinion they said "The agreement for the commission refers to the time when it was actually made (and it is admitted that whatever the arrangement was, December, 1923, was the month) and not when the agreement of sale was entered into." In other words, the court below held that the test is whether the plaintiffs were licensed at the time the agreement for the division of the commission was made and, if then licensed, the admitted fact that they were without a license when the agreement of sale was made on January 10, 1924, does not prevent them from recovering their share of the commission. We cannot affirm this proposition. The correct test is whether the plaintiffs were licensed at the date upon which they earned their share of the commission by performing the service for which they were employed, i. e., bringing the parties together and consummating the agreement for the sale. "A real estate broker has earned his commission when he procures a party with whom his principal is satisfied, and who actually contracts in writing for the property at a price satisfactory to the owner, although the purchaser may afterwards attempt to avoid the contract of purchase": Hipple and Co. v. Laird, App., 189 Pa. 472; Irons v. Snyder, App., 49 Pa. Superior Ct. 522; Black Co., App., v. Baker, 88 Pa. Superior Ct. 206. This is the general rule unless the contract of employment provides otherwise and there is nothing in the facts of this case to vary the rule.

Sherman v. Welsh et al., Apps., 87 Pa. Superior Ct. 282, was a case in which a broker sought to recover commissions earned a month previous to the procuring of a license and we there held that the rule enunciated

by the Supreme Court (Luce v. Cook, 227 Pa. 224; Meyer v. Wiest, 250 Pa. 573), to the effect that the payment of a tax and the securing of a license is a condition precedent to the lawful transaction of business by a real estate broker and that he cannot have the aid of the courts to recover commissions which were earned before he had paid his tax and received a license, was applicable and prevented a recovery. It is equally true upon principle that no one can have the aid of the courts to recover commissions earned between the date of the expiration of one license and the taking out of another more than four months later. This case is similar on its facts to Blumberg v. Schimmel, App., argued at this term and in which an opinion written by our Brother TREXLER is this day filed. In that case Blumberg had a written contract with Schimmel for division of the commission on a sale of realty upon condition that he was at the time of sale a licensed broker "for the year 1925." The contract for the sale was made March 5, 1925. Blumberg was duly licensed for the year 1924, but did not procure a license for 1925 until May 15th. We there hold that the commission was earned on March 5, 1925, and say: "Apart from the condition annexed to his receiving the commissions as set forth in the memorandum, the plaintiff could not recover for 'if he had not paid his tax or secured his license at the time he earned the commissions sued for, he was using and exercising the business of a real estate broker against the plain mandate of the law, and cannot recover. Subsequent compliance with the law will not cure the illegality of previous transactions': Luce v. Cook, 227 Pa. 224." See also the concluding paragraph of the opinion by Judge KELLER in Stone v. Hart, App., 85 Pa. Superior Ct. 552. Under the statement of facts agreed to by the plaintiffs in this case it is clear that their share of the commission was earned on January 10, 1924, at which

time they had no license for the transaction of the business out of which the commission they now seek to recover arose.

The assignments of error must be sustained. The judgment is reversed and is now entered for the defendant.