## Lennox, Appellant, *v.* Waters et al.

*Real estate brokers—Commissions—Sale procured by broker—Evidence—License—Time.*

In an action of assumpsit to recover on an oral contract for broker's commissions, defendants denied that plaintiff procured the sale.  There was evidence that plaintiff brought the purchaser to the defendants, showed them the property and secured an offer

which was refused. Later the same amount was offered to the owner by the purchaser and accepted.

Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

A broker's license, obtained after the date of employment, but before the sale was made and the commissions earned, is in time to render the transaction valid.

*Trials—Verdict—Molding verdict.*

In a suit against three defendants the trial judge instructed the jury that there could be a recovery against only one of them. It is proper to assume, in the absence of record evidence to the contrary, that the verdict was rendered in accordance with the instructions of the trial judge, and the court had the power to mold the verdict accordingly.

Argued November 21, 1927. Appeal No. 81, October T., 1927, by plaintiff from judgment of C. P., Delaware County, September T., 1925, No. 1009, in the case of Robert J. Lennox v. James Waters, Caroline Waters and William Waters. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Assumpsit to recover broker's commissions. Before BROOMALL, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,294.53.  Subsequently the court entered judgment non obstante veredicto. Plaintiff appealed.

*Error assigned,* among others, was in entering judgment non obstante veredicto.

*E. LeRoy VanRoden,* for appellant.—The court had a right to mold the verdict: Byrne v. Grossman, 65 Pa. 310; Bower v. Fenn, 90 Pa. 359; Strohecker v. Drinkle, 16 S. & R. 38.  The broker was licensed at the time the commission was earned: Glentworth v. Luther, 21 Barb. 145; Lessy et al. v. Fletcher, 89 Pa.

Superior Ct. 521; Stone v. Hart, 85 Pa. Superior Ct. 552.

*Harry J. Makiver,* for appellee.—The broker's service must accomplish the sale to entitle him to commissions: Groskin v. Moore, 249 Pa. 242; Earp v. Cummins, 54 Pa. 394. A broker unlicensed until after the services were rendered cannot recover a commission: Luce v. Cook, 227 Pa. 224; Webb v. Rachmil, 75 Pa. Superior Ct. 193; Sherman v. Welsh, 87 Pa. Superior Ct. 282; Blumberg v. Schimmel, Jr., 90 Pa. Superior Ct. 165; Bentley v. Gilmore, 285 Pa. 199.

OPINION BY GAWTHROP, J., March 2, 1928:

This is an action by a licensed real estate broker to recover commissions upon a sale of real estate alleged to have been made through his agency. Defendants, James Waters and William Waters, son of James, were owners of eighteen acres of land. The title to thirteen acres, which belonged to James, was in the name of himself and his wife, Caroline, and the title to the other five acres was in the name of William. The wife had no beneficial interest in the property. The alleged employment of plaintiff was oral, and it was admitted at the trial that his agency was not exclusive. He recovered a verdict in the court below, but judgment n. o. v. was entered in favor of defendants on three grounds, first, that the only authority to sell according to the proofs of plaintiff was conferred by James Waters; that there was no evidence of any authority by William Waters, and that the verdict was rendered against the three defendants without any proof of a joint liability; second, that the sale was not made by plaintiff; third, because at the time plaintiff was employed he had no license as a real estate broker. The plaintiff has appealed. A careful examination of the record compels the conclusion that the judgment cannot be sustained on any of the grounds upon which it was entered.

At the trial there was a sharp conflict of testimony upon the questions whether the property was placed in the hands of plaintiff for sale, and whether he was the immediate efficient and procuring cause of the sale to the purchasers. We are unwilling to hold that it did not warrant the answering of both questions in the affirmative by the jury. Upon plaintiff's testimony the jury could find the following facts: About May 18, 1925, plaintiff first met defendants, James and William, on the land involved in "company with one Coles." The latter said: "Mr. Waters, this is Mr. Lennox. He has sold a portion of my ground here on Parker Avenue, as you know." James acknowledged he had heard of it. Coles said: "Probably he can get a buyer for you." James said: "All right, Mr. Lennox, if you can. Mr. Gaunt and Mr. Cook have had it for a couple of years or so, but they have failed to be able to sell it so far." Plaintiff said: "What price is it per acre?" James said: "Six thousand dollars an acre and if it isn't sold this year it will be seven." Plaintiff said: "You want $6,000?" James said: "Yes. If you can secure a purchaser, I will see you get your commission." Plaintiff said: "All right." On or about May 22nd, plaintiff took Lipschutz and Magen (hereinafter called purchasers) upon the land, tried to interest many people in it and took one other person to see it. He introduced the purchasers to James and they walked over the ground together. Magen asked James what the price was and the latter said that it was six thousand dollars an acre, but that if it was not sold during the year he would raise it to seven. Plaintiff kept in touch with the purchasers and got an offer of $5,500 an acre, which he submitted to James, who refused it. Later, he submitted an offer of $6,000 an acre, seventy per cent. to be secured by a mortgage. James told him to submit the offer to Gaunt and that if Gaunt liked it he

would take it. Gaunt refused. Plaintiff continued his efforts until September 24th, when the purchasers came into his office and stated that they were buying the eighteen acres of land; that they had been to see James and wanted plaintiff to know that they were going to buy it, stating: "We are your clients. We don't want to see you left out on a commission. We are going down to see Mr. Gaunt now as Mr. Waters told us to do." Plaintiff called James on the telephone, recognized his voice and told him that Lipschutz and Magen bought the land and James said: "That is all right. You go see Gaunt." Plaintiff went to see Gaunt and was told by him that he was "not in on the sale." "You are not going to get any com mission." The suit was for a commission of four per cent. on the selling price, $6,000 per acre, which was conceded to be the customary broker's commission at that time on the character of land sold. Although, if we had been the triers of the facts we might have reached a different conclusion than that of the jury, we are persuaded that the evidence warranted a finding that the sale was due to the services which had been rendered by plaintiff under a contract to pay him a commission if he procured a purchaser at $6,000 an acre. Our decision in Cathers v. Patchel, 82 Pa. Superior Ct. 257, relied upon by the able counsel for appellees as ruling this case in their favor is not in conflict with the present conclusion. We there said, "Had the defendant and her husband continued to negotiate with Centrella, or if they had subsequently sold to Centrella for the amount which he had offered through the plaintiff, this might have warranted a finding that the sale, which subsequently resulted, was due to the services which had been rendered by the plaintiff; but nothing of this kind appeared in evidence."

While the suit was against three defendants, plaintiff sought to recover upon an express oral contract

made by defendant, James Waters. The trial judge instructed the jury that recovery could be had against James Waters only and that the jury should eliminate the other two defendants from consideration in the case and submitted the question whether or not James Waters was liable. We must assume in the absence of record evidence to the contrary that the verdict was rendered in accordance with the instructions of the trial judge. The court had the right to mold the verdict: Cope v. Kidney, 115 Pa. 228; Murtland v. English, 214 Pa. 325.

Plaintiff became a duly licensed real estate broker in 1923. He did not procure and pay for his license for the year 1925 until June 8, 1925, a period of about three weeks subsequent to the date of his employment by James Waters, but about four months prior to the consummation of the agreement of sale with the purchasers. As the services, for which plaintiff asked compensation, were not performed until he was duly licensed as a broker, it was error for the court below to enter judgment for defendants on the ground that he had no license when he was employed by defendant, James Waters: Stone v. Hart, 85 Pa. Superior Ct. 552; Lessy v. Fletcher, 89 Pa. Superior Ct. 521.

The judgment is reversed and here entered for plaintiff and against the defendant, James Waters.