# Samuel, Appellant, *v.* Pennsylvania Railroad Company.

*Evidence — Refreshing memory — Memorandum — Affidavit — Scale ticket.*

1. A weighmaster whose duty is to weigh cars and keep records of weight, may not refresh his recollection as to weights by referring to his own affidavit made two months after a car was weighed, where he is unable to state that the weights set forth in the affidavit were derived from records which he himself had made, or which he knew to be correct at the time the affidavit was prepared.

2. Where a case turns on the weight of a car of steel scrap, a scale ticket is properly excluded which does not contain the number of the car, nor any marks to show that it related to the freight in question, and there is no other proof to identify it or connect it with the car and the freight in question.

Argued Oct. 20, 1910. Appeal, No. 134, Oct. T., 1910, by plaintiffs, from order of C. P. No. 1, Phila. Co., Dec. Term, 1908, No. 1,437, refusing to take off nonsuit in case of Frank Samuel and Silas M. Tomlinson, trading as. Frank Samuel, v. Pennsylvania Railroad Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for breach of contract to carry a car load of steel scrap. Before BRÉGY, P. J..

396 SAMUEL, Appellant, *v.* PENNSYLVANIA R. R. CO. ·

Statement of Facts—Opinion of the Court. [45 Pa. Superior Ct.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were (1, 2) rulings on evidence referred to in the opinion of the Superior Court.

*Lewis Lawrence Smith,* for appellants.—The witness should have been permitted to refresh his memory by referring to his affidavit: Dodge v. Bache, 57 Pa. 421; King v. Faber, 51 Pa. 387; Lycoming County Mut. Ins. Co. v. Schreffler, 44 Pa. 269; Heart v. Hummel, 3 Pa. 414; Babb v. Clemson, 12 S. & R. 328; Sailer v. Sewing Machine Co., 34 Leg. Int. 115; Wells Whip Co. v. Fire Ins. Co., 209 Pa. 488; Charles v. Bishoff, 1 Sadler, 260; Mead v. White, 6 Sadler, 38; Com. v. Ford, 130 Mass. 64; Bonnet v. Glattfeldt, 120 Ill. 166 (11 N. E. Repr. 250); Houston & T. C. R. R. Co. v. Burke 55 Texas, 323 State v. Aspara, 113 La. 940 (37 So. Repr. 883); Portsmouth St. Ry. Co. v. Peed, 102 Va. 662 (47 S. E. Repr. 850).

*J. H. Rhoads,* of *Seller & Rhoads,* appellee.

OPINION BY HENDERSON, J., March 3, 1911:

This action was for the value of a quantity of steel scrap which the plaintiffs allege the defendant received from them in Philadelphia for transportation to the Alan Wood Iron and Steel Company at Ivy Rock and failed to deliver. After the car was received the iron and steel company reported to the plaintiffs a shortage in weight, whereupon the plaintiffs asked that company for the scale ticket and an affidavit of weight covering the shipment. In compliance with this request the iron and steel company forwarded to the plaintiffs the affidavit of Charles J. Gaul, weighmaster of that company sworn to June 29, 1904, and a part of a scale ticket. Mr. Gaul was called as a witness by the plaintiffs to prove the weight of the steel received by the consignee. He did not have a present recollection of the weight of the car, but had in his hand while testifying the affidavit which he had made in 1904, from which the counsel for the plaintiffs proposed to have him refresh his recollection.

This the court refused to permit him to do and this is the subject of the first assignment of error. The witness testified that he made the affidavit from the data which he had in the office and that he did not remember what the car weighed independently of the affidavit. As this was made more than two months after the car was received at the destination it is readily understood why the witness did not remember the number and weight of the car and that the matters set forth in the affidavit were reproduced from some record kept in the office of the company. But the infirmity of the plaintiffs' case in this respect is that ·it does not appear that the weights set forth in the affidavit were derived from records which the witness made or which he knew to be correct at the time the affidavit was prepared. The nearest the witness comes to explaining the source of the information contained in the affidavit appears in the following excerpt from his evidence: "Q. You were the weighmaster when you made that affidavit? A. Yes, sir. Q. You made it from the data which you had in the office? A. Yes, sir." There was nothing at the time of the weighing to call the attention of the witness to the fact that the weight was short nor apparently until about the time he was called on to make the affidavit. It then became necessary for him to refer to the "data" in the office. If it had appeared that the facts of the affidavit were obtained from a scale ticket or other memorandum made by him at the time he weighed the car or made by some other person under his observation at that time we think the affidavit might have been used to refresh the recollection of the witness, but he did not state that at the time the affidavit was made he remembered the figures to be as set forth therein. The witness might with the utmost honesty and good faith make the affidavit on the strength of information which he obtained in the office from some records kept there by some other employee of the company, but this would not make it a memorandum on which the witness could rely to refresh his recollection. It would be merely a repetition of the

contents of a record of the company. If the witness had made the "data" from his own knowledge of the facts at the time the weighing was done and in making the affidavit his recollection was refreshed by a reference to some record made by himself or under his supervision it would have been competent for him to refresh his recollection at the trial by reference to the affidavit, but the testimony does not show that this was the history of the affidavit and without a statement by the witness to the effect that he knew of his own knowledge that it contained a correct statement of the weights the court was not in error in declining to permit the memorandum to be used.

The second assignment relates to the refusal of the court to admit in evidence the part of a scale ticket which was offered to support the claim. The ticket did not contain the number of the car nor any marks to show that it related to the plaintiff's freight and when the witness, Gaul, was questioned about the ticket he said: "I cannot say that is the ticket. No, sir." When interrogated as to the disposition made of the scale tickets after the cars were weighed the witness said "As soon as these tickets are marked they put them in a bundle and file them away." The witness did not know when nor how the ticket in question got into the possession of the plaintiffs. He did say that he knew it related to the car in question because of the way it corresponded with the affidavit made by him, but that was, of course, a conclusion of the witness not from his recollection but from the identity of the weight stamped on the ticket and the weight set forth in the affidavit and he was unable to connect the ticket with the transaction in any other way. As the case stood at the time the ticket was offered there was a failure to identify it or connect it with the transaction and the court was not in error in rejecting the offer. As this closed the plaintiffs' case on the subject of the shortage of weight when the car was delivered there was an entire failure to make out a case and the nonsuit was properly granted.

The judgment is affirmed.