# Commonwealth *v.* Daniele, Appellant.

*Criminal law—Murder—Evidence—Addressed envelope.*

In a murder trial where there is evidence that defendant was a member of the "Black Hand Society" and that the crime was at least not opposed, if not actually instigated, by the society, and the court admits in evidence envelopes addressed to defendant at the headquarters of the society, solely to show his connection therewith, and the jury is so instructed, the court cannot be convicted of error in refusing defendant's offer to introduce the contents of the envelopes in evidence, where there is no offer to show that the contents contained information as to the question at issue.

Argued April 16, 1923. Appeal, No. 81, Oct. T., 1923, by Marcantonio Daniele, from judgment of O. & T., Washington Co., Aug. T., 1922, No. 185, and Nov. T., 1922, No. 2, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Angelo Fragassa,

Marcantonio Daniele et al.   Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.
Affirmed.

Indictment for murder.   Before CUMMINS, J.
The opinion of the Supreme Court states the facts.
Verdict of guilty of murder of the first degree.   Defendant appealed.

*Error assigned,* inter alia, was rejection of evidence
referred to in the opinion of the Supreme Court, quoting
record.

*A. Kirk Wrenshall,* with him *Alex. M. Templeton* and
*John S. Robb, Jr.,* for appellant.

*Howard W. Hughes,* District Attorney, with him *Warren S. Burchinal,* Assistant District Attorney, for appellee.

OPINION BY MR. JUSTICE FRAZER, June 23, 1923:
This case involves the same criminal act which formed
the basis of conviction in Commonwealth v. Fragassa,
opinion filed herewith, the evidence being substantially
the same in both cases.   The discussion of the questions
involved there is equally applicable here, consequently
repetition is unnecessary.   Additional questions raised
in this case which were not discussed in that appeal will
be briefly considered.

The evidence given on behalf of the Commonwealth
was to the effect that the Black Hand Society had its
headquarters at No. 80 Elm Street, Pittsburgh, the coffee
store of Ferdinando Mauro, state leader of the society,
the present defendant, Daniele, being a local leader.
There was also evidence that up to the time of the killing of Fiore defendant received personal mail at Mauro's
store, the envelopes showing the addresses and postmarks having been offered and received in evidence un-

der objection. These matters were relevant in view of other evidence in the case tending to show the commission of the crime was at least not opposed, if not actually instigated, by the Black Hand Society. The contents of the envelopes, however, were properly excluded. So far as appears, the letters contained in the envelopes were not connected with the crime, at least there is no allegation to that effect and at the time the latter were offered and received in evidence the court carefully limited their use to the single purpose of showing defendant's connection with the headquarters of the Black Hand Society. On defendant subsequently offering the contents of the envelopes, the court, in refusing the offer, further stated the sole reason for admitting such evidence was to rebut the inference that the letters contained matters prejudicial to defendant and called attention to the fact that the jury had been instructed not to draw such inference but limit the evidence to the single purpose stated. Under these circumstances no error was committed. Had the contents of the envelopes possessed information relevant to the question at issue, that fact could easily have been shown by defendant and had this been done the court below would doubtless have admitted them.

We have examined the remaining assignments of error and find they suggest nothing warranting a reversal of the court below.

The judgment and sentence of the court below are affirmed and the record remitted for the purpose of execution.