## Gunther et ux. *v.* Arnstal, Appellant.

Argued January 10, 1933.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*J. W. McWilliams,* with him *G. A. Troutman* and *C. S.
Wesley,* for appellant.

*Edwin J. McDermott* and *William Charles Brown,* for
appellees, were not heard.

PER CURIAM, February 1, 1933:
These two suits in trespass, by plaintiffs, husband and
wife, for recovery of damages for injuries sustained by
the wife in an automobile accident while plaintiffs were
the guests of defendant, were tried as one case in the
court below and will be so considered here.   The case

was tried twice, in the first instance the jury being unable to agree. On the second trial, verdicts of $5,000 for the wife and $1,000 for the husband were rendered. After argument, a motion for a new trial was discharged on condition that $500 be remitted on each judgment. The remittiturs were filed and judgment entered accordingly. The appeal before us is from the refusal of a new trial. Appellant assigns as reasons for his motion errors in the charge and that the verdict for the wife was excessive.

The accident occurred on the night of July 8, 1928, about 1:15 a. m., at the intersection of 44th and Walnut Streets, Philadelphia. Defendant was driving, with Mrs. Gunther and another person on the front seat with him, and her husband and two others on the rear seat. Defendant testified they were going east on Walnut Street, a two-way street (at that time), about 44 feet wide between curbs, with an automatic traffic signal, of the type known as a "silent policeman," at the center of its intersection with 44th Street. As they approached the crossing defendant was driving almost in the middle of the street, toward the traffic signal, which he must have hit in any event unless he changed his course; there was a car in back of him and another on his right. His defense is that the car on his right swerved toward him unexpectedly, forcing him to turn and strike the traffic standard. There was no evidence of excessive speed. Plaintiff sought to hold defendant liable on the ground he had negligently turned around to obtain a cigarette from one in the rear of the car, and thus permitted the automobile to crash into the concrete base of the traffic light.

In charging the jury, the court below, reviewing the whole case, including plaintiffs' testimony, suggested for the consideration of the jury whether, on the facts just stated, defendant could with reasonable care have stopped or so diverted his car as to have avoided the accident. Under the circumstances, such a question was raised by the evidence and was not an extraneous theory

injected into the case by the trial judge, as appellant argues. The charge as a whole was eminently correct.

Notwithstanding the reduction in damages brought about by the remittitur, defendant appeals from the reduced verdict for the wife as still being excessive. Upon consideration of the uncontradicted claim of injuries sustained, suffering and discomfort endured over a considerable period of time, and the permanent physical defects resulting, the amount of the verdict is not so much as to "shock our sense of justice and show a clear abuse of discretion on the part of the court below:" Wanamaker v. Ellis, 306 Pa. 222, 224; Ensor et ux. v. P. R. R., 306 Pa. 451, 455.

The order refusing a new trial is affirmed.