Sipowicz, Appellant, *v.* Olivieri.

Argued October 1, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*Nochem S. Winnet,* with him *I. Finkelstein, Ellis Rudman* and *Fox, Rothschild, O'Brien & Frankel,* for appellant.

*Victor J. DiNubile,* for appellees.

OPINION BY WRIGHT, J., January 19, 1954:

This is an appeal from the refusal of the court below to grant plaintiff's motions for judgment n.o.v. and for a new trial after a verdict in favor of defendants. We must assume the truth of defendants' evidence and every inference fairly deducible therefrom: *Vogt v. Brady,* 108 Pa. Superior Ct. 144, 164 A. 96.

On December 28, 1949, appellant entered into a written agreement to purchase appellees' dwelling house situate at 4700 Roosevelt Boulevard in the City of Philadelphia, together with certain articles of personal property located therein. The total purchase price was fixed at $19,000.00, and appellant gave appellees a deposit of $1,900.00. The agreement as originally written called for settlement on January 30, 1950. However, before the agreement was executed, the settlement date was changed to February 20, 1950, and this alteration was initialed on the face of the agreement. Appellees testified, and the verdict establishes, that it was thereafter orally agreed by the parties that, should appellees be unable to vacate on February 20, 1950, they could remain in the premises at a rental of $100.00 for one month, and $25.00 per week thereafter for an additional period not to exceed two weeks. On February 20, 1950, when the parties met for settlement, appellant demanded immediate possession. Appellees finally agreed to remove their clothing and personal effects that day, and to remove their furniture within the next few days. They actually vacated the premises on February 24, 1950. In this connection Mrs. Olivieri testified that, on February 23, 1950, she told appellant "we are moving; the moving truck will be there at 8 o'clock tomorrow morning, and everything will be out by five," to which appellant replied "all right".

Appellant refused to consummate the purchase and brought suit in assumpsit to recover the amount of the deposit plus $95.00 settlement expenses. The trial judge submitted to the jury the question of the existence of the alleged supplemental oral agreement. He stated that, if such an agreement had not been made, the verdict must be in favor of the plaintiff; but that, if the agreement did exist, and had been repudiated by plaintiff, the jury could determine whether defendants had vacated within a reasonable time under the circumstances. Appellant contends (1) that there was insufficient evidence to show the existence of the supplemental oral agreement; (2) that the facts do not "constitute a waiver or an estoppel"; and (3) that the trial judge erred (a) in his rulings on evidence, (b) in his charge, and (c) in his refusal of plaintiff's points.

It is always competent for the parties to a contract to show by parol evidence a subsequent modification, change, waiver of a condition, or the substitution of a new contract: *KoEune v. State Bank of Schuylkill Haven*, 134 Pa. Superior Ct. 108, 4 A. 2d 234. While the burden of proof rests upon the party seeking to establish the change, all that is required is that the evidence be convincing to the jury: *Sferra et al. v. Urling et al.*, 324 Pa. 344, 188 A. 185. After reviewing the record, we agree with the trial judge that there was sufficient evidence to justify a finding by the jury that appellant entered into the alleged supplemental oral agreement. Mrs. Olivieri testified that appellant was informed that possession would not be delivered on February 20, that "it might take one month, possibly six weeks longer", and that her husband "promised to pay Mr. Sipowicz $100.00 for the first month and if it was more than a month he would pay him $25.00 for each additional week". Mr. Olivieri also testified concerning the terms of the supplemental agreement. Mr.

Lynch, defendants' real estate agent, suggested that the change be put in writing in the agreement of sale. Appellant then said: "We are all happy now, let us keep it that way. You don't need it in writing".

The cases relied upon by appellant can be readily distinguished. In *Stoner v. Sley System*, 353 Pa. 532, 46 A. 2d 172, it was held that the terms of a written lease had not been modified by implied consent. In *Upsal St. Realty Co. v. Rubin*, 326 Pa. 327, 192 A. 481, there was an "application for lease" which was held to be only a proposal to negotiate. In *United Agencies v. Slotsky*, 121 Pa. Superior Ct. 1, 182 A. 788, the acceptance of an offer was not unconditional. In *Leskie v. Haseltine*, 155 Pa. 98, the words "you are a lucky man" were held to be merely a recognition of the fact that plaintiff was the lowest bidder, and not an award of the contract.

Appellant's second contention is based upon his proposition that appellees failed to establish the supplemental agreement. He argues that, notwithstanding such failure, the circumstances might nevertheless create a waiver or an estoppel; but that, having at the time of settlement agreed to vacate promptly, defendants "cannot rely on either the waiver or promissory estoppel". His position is that, had the jurors been instructed to determine whether appellees relied upon appellant's statements to their detriment, "we could have little objection either to the instruction or to the finding of the jury". The charge of the trial judge actually was consistent with this position. It is proper to assume that the verdict was rendered in accordance with his instructions: *Lennox v. Waters*, 93 Pa. Superior Ct. 178. The case of *Dougherty v. Thomas*, 313 Pa. 287, 169 A. 219, cited by appellant, involved a waiver of royalties in a coal lease and has no application in the present situation.

Objection is made to the allowance of an alleged leading. question. After Mr. Lynch had testified concerning the supplemental oral agreement, he was asked: "Was there any discussion about how long the extension would be". We do not view the question as leading. In any event, its allowance was within the discretion of the trial judge: *Farmers' Mut. Fire Ins. Co. v. Bair*, 87 Pa. 124; *Commonwealth v. Ramsey*, 42 Pa. Superior Ct. 25. Appellant contends that, since the trial judge allowed the question, he should have also allowed the following question which was subsequently put to appellant's real estate agent: "At the settlement was there any conversation when you were all in that room about possession that you recall". An objection to this question was properly sustained in view of the fact that the witness had already testified that he did not hear any conversation on the subject.

Appellant sought to introduce a letter from Mr. Lynch to appellant's real estate agent. This letter, printed in the record, merely sets forth the description to be inserted in the deed. The omission of any mention of the supplemental oral agreement did not make the letter relevant. The case of *Clark v. Essex Wire Corp.*, 361 Pa. 60, 63 A. 2d 35, upon which appellant relies, is not controlling. The offer was properly rejected. See *Commonwealth v. Daniele*, 278 Pa. 7, 122 A. 90; *Samuel v. Pennsylvania R. R. Co.*, 45 Pa. Superior Ct. 395.

Exception has also been taken to two portions of the charge. One portion concerned the question of reasonable time to vacate, and was entirely proper. The other portion was a discussion of the right of inspection, and was not misleading or prejudicial under the circumstances. The charge of the trial judge must be considered as a whole and unless so considered, it is misleading and prejudicial, there is no reversible er-

ror: *Cockcroft v. Metropolitan Life Ins. Co.*, 133 Pa. Superior Ct. 598, 3 A. 2d 184; *Giannone v. Reale*, 333 Pa. 21, 3 A. 2d 331.

Lastly, appellant complains of the refusal of the trial judge to affirm his points for charge. We have reviewed the eleven points submitted and are of the opinion that they were fully covered in the general charge. To affirm them without qualification would have been in effect to give binding instructions for the plaintiff. The record shows that the case was fairly tried, and was submitted to the jury in an impartial charge which adequately outlined the respective theories. The evidence supports the verdict.

Judgment affirmed.