Milanovich, Appellant, *v.* Rochez Brothers, Inc.

Argued October 5, 1954. Before STERN, C. J., STEARNE, JONES, CHIDSEY and ARNOLD, JJ.

*John F. Healy,* with him *Van der Voort, Royston, Robb & Leonard,* for appellant.

*William C. Walker,* with him *Sanford M. Chilcote, Dickie, McCamey, Chilcote, Reif & Robinson,* for appellees.

OPINION BY MR. JUSTICE ARNOLD, November 8, 1954:

This action of trespass was brought against the defendant, Edward R. Burton, employe, and his employer, Rochez Brothers, Inc. Rochez Brothers, Inc. was named as defendant solely on the doctrine of respondeat superior. The complaint charged Edward R. Burton, driver of the vehicle of Rochez Brothers, Inc., with certain acts of negligence in his *operation* of the vehicle. There was neither allegation nor proof that the automobile driven by Burton was in anywise defective. The jury returned a verdict for the defendants, on which judgments were entered. The plaintiff appeals solely on the ground that he was prejudiced by the court's charge that if a verdict was found against Burton and Rochez Brothers, Inc., the latter was entitled to judgment over against Burton.

It must be admitted that there is a presumption that the verdict was rendered in accordance with the instructions of the trial judge: *Dauphin Deposit Trust Co., Guardian, v. Standard Oil Company of Penna.*, 312 Pa. 229, 232, 167 A. 287; *Lennox v. Waters*, 93 Pa. Superior Ct. 178, 183; *Sipowicz v. Olivieri*, 174 Pa. Superior Ct. 549, 553, 102 A. 2d 175. The presumption is that the jury did not act out of prejudice.

In *Friedrich v. Baltimore & Ohio Railroad Company*, 360 Pa. 515, 62 A. 2d 760, the plaintiff was a passenger in the automobile driven by one Stickler when it was struck by the railroad's engine, which was travelling at an excessive rate of speed and had not given notice of its approach. The suit was originally against Stickler, the driver, and the Baltimore & Ohio Railroad Company. The Railroad Company brought in as additional defendant the Atlantic & Pacific Tea Company, the employer of Stickler, on the doctrine of respondeat superior. The verdict and judgment were against the Railroad Company only. The court below there charged that in the event of a verdict against the

Atlantic & Pacific Tea Company the jury should find liability over in favor of the Company and against Stickler. This was assigned as one of the errors on appeal by the Railroad Company. The same argument was used as here: that the jury would not want to render a verdict against the Tea Company with liability over against Stickler. The assignments of error were overruled and this Court affirmed the judgment.

A fortiori when the plaintiff himself sues both the master and servant for negligence of the servant, the same rule applies and hence the charge in this case was not in error.

Judgment affirmed.