## Wilson v. Kammerer

*William W. Litke* and *John B. Gates,* for plaintiffs.
*Bell, Silverblat & Swope,* for defendant.
*Miller & Kistler,* for additional defendant.

CAMPBELL, P. J., October 2, 1959.—Plaintiff passenger instituted suit against defendant operator for damages resulting to plaintiff from defendant's negligent operation of the vehicle in which they were riding. Plaintiff sets forth in detail the specific items of negligence with which he charges defendant. The complaint contains no allegations of negligence against anyone other than defendant, Edwin S. Kammerer.

In conformity with and within the period of time prescribed by the rules of civil procedure, defendant filed a complaint against the Clearfield Area Schools joining them as an additional defendant on the grounds that the additional defendant, the Clearfield Area Schools, is liable over to the original defendant. Defendant alleges that he is an employe of the additional defendant, that the additional defendant is the owner of the automobile which he was driving at the time of the accident, that he was driving the vehicle to provide transportation for school personnel to an activity in which the additional defendant was participating, that he was driving the vehicle at the direction of the additional defendant and within the scope of his employment and that the additional defendant was required by law to protect, insure and indemnify the original defendant against any and all liability, under the various sections of the Public School Code of March 10, 1949, P. L. 30, and that the original defendant had been informed that the additional defendant assumed to protect and did arrange for the protection of the original defendant while he was acting as an agent of the additional defendant. There are no allegations of any nature whatsoever of active negligence on the part of the additional defendant which could in any way be responsible for the injuries to plaintiff.

The additional defendant filed preliminary objections alleging that the complaint of the original defendant failed to state a cause of action against the additional defendant, first because the additional defendant is not liable for the negligence of its officers or servants in the exercise of governmental functions, and secondly, that the Public School Code does not impose any liability on the additional defendant and that there are no facts alleged which would form any basis for liability over from the additional defendant to the original defendant.

Under this set of circumstances, does defendant have the right to join the Clearfield Area Schools as an additional defendant on the grounds of liability over?

At the oral argument and in the briefs filed by the parties, much time and attention is devoted as to whether or not the additional defendant, the Clearfield Area Schools, was involved in a governmental or proprietary function at the time of the accident in question. The court does not feel that a decision on this point is necessary or essential in the determination of the validity of the preliminary objections. Consequently no decision is made thereon. By way of explanation of the court's decision on this point, let us assume that the additional defendant was involved in a proprietary function at the time of the accident and that therefore the additional defendant would have been liable for the torts of its agent. There are no allegations of joint and several liability and, furthermore, there are no allegations of any nature against the additional defendant which would indicate any active negligence on its part in causing the injury. Under this assumption, the additional defendant, if liable at all, would be liable vicariously, such liability being based on the doctrine of respondeat superior. This would raise the problem

of whether or not an agent may join as an additional defendant the employer when no act of negligence is alleged against the employer. We think not. Where a tort is committed by the employe or the agent, recovery may be had against the employer or the principal on the theory of respondeat superior, but the person primarily liable is the employe or agent who committed the tort and the employer or principal may recover indemnity from him for the damages which he, the employer, had been obliged to pay. The employe has a liability to indemnify the principal: Builders Supply Company v. McCabe, 366 Pa. 322; Muldowney v. Middleman, 176 Pa. Superior Ct. 75; Milanovich v. Rochez Brothers, Inc., 379 Pa. 264.

The reverse of this situation cannot be true. An employe cannot seek indemnity from his employer merely because of the employe-employer relationship. If both the employe and employer were joint tortfeasors, contribution but not indemnity might be enforced. See Goldman v. Mitchell-Fletcher Co., 292 Pa. 354. See also Act of July 19, 1951, P. L. 1130, 12 PS §2082 and following. If defendant may not bring in his employer as an additional defendant where a tort was committed solely by defendant and where the additional defendant could be successfully sued by plaintiff, then, of course, it follows that the argument of immunity from suit would only be an additional stumbling block which plaintiff, if he had sued directly, or the original defendant, if he attempts to join an additional defendant, would be compelled to overcome. For this reason we think it is unimportant to distinguish between a governmental or a proprietary function in this case.

Pa. R. C. P. 2252 provides as follows:

"In any action the defendant or any additional defendant may file as of course a praecipe for a writ,

or a complaint, to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him *on the cause of action declared upon* or jointly or severally liable thereon with him." (Italics supplied.)

The court is of the opinion that the final decision in this case depends upon the interpretation of the following language contained in rule 2252(*a*) as follows: *"or liable over to him on the cause of action declared upon."*

The rules of civil procedure adopt the same language as used in former sci. fa. acts and we must look to the decision of the appellate courts construing this prior practice. See 3 Goodrich-Amram, Procedural Rules Service §2252(*a*)-7. As pointed out therein, the reasoning of the courts create logical difficulties on analysis.

In the case of Jones v. Wohlgemuth, 313 Pa. 388, where a suit was brought by parents against a defendant for injuries to their minor child, defendant attempted to bring on the record the parents who had given defendant an indemnity agreement and release of all claims. The court held that this could not be done. The original action was in trespass and defendant is alleging an action in assumpsit and the two actions are separate and distinct. This decision of the Supreme Court was decided after the case of Vinnacombe v. Philadelphia and American Stores Co., 297 Pa. 564, where joinder was permitted where the duty to indemnify was implied. In case of Land Title Bank & Trust Company v. Cheltenham National Bank, 362 Pa. 30, an action was brought against a defendant bank for paying a check containing a forgery. Defendant sought to bring on the record the notary public and his bondsmen who certified that the person whose name was forged was personally present and executed an instrument which later gave rise to the forgery.

The court held that this alleged a new cause of action and that the additional defendant would not be liable over because his liability would not be on the cause of action declared upon.

In the case of Murray v. Pittsburgh Athletic Company, 324 Pa. 486, plaintiff sued the owner of Forbes Field for an injury he received at a baseball game. Defendant attempted to bring on the record as an additional defendant a concession sales organization whose employe was directly involved with the injury to plaintiff, alleging that the concession sales organization had an indemnity agreement to indemnify the original defendant of any damages which might result from their activities. The court denied joinder of the additional defendant based on the Jones case, supra.

The liability of an additional defendant arising by virtue of a contract of indemnity cannot be adjudicated in an action of tort brought against the indemnitees by a third person: Dively v. Penn-Pittsburgh Corp., 332 Pa. 65.

One whose liability over to a defendant is based upon a contract cannot be joined as an additional defendant in an action of trespass: Volta v. Markovitz Brothers, Inc., 351 Pa. 243. See also Donnelly v. Fred Whittaker Company, 364 Pa. 387.

For a very thorough and able discussion of this subject we call counsel's attention to the opinion of Judge Weiss of the Allegheny County Common Pleas Court in the case of Globe Electric Repair Co. v. Eagle Indemnity Co., 79 D. & C. 201. Numerous authorities are reviewed therein.

If there is an implied liability on the part of the additional defendant to plaintiff or to the original defendant or if there was active negligence averred against the additional defendant, then joinder is permitted. See Huckestein v. Jourdan, 7 D. & C. 2d 539;

Yanetti v. Kessler, Inc., 11 D. & C. 2d 491; Bell v. O'Connor's Executors, 40 D. & C. 353; In re Hannon, 52 D. & C. 160; McCarthy v. American Stores Company, 54 Mont. 285.

In the light of these authorities, let us examine the complaint filed against the additional defendant. It is averred that the additional defendant was required to protect, insure and indemnify the original defendant against any and all liability by reason of the specific sections of the Public School Code of Pennsylvania. The original defendant then avers that he has been informed and therefore avers that Clearfield Area Schools, additional defendant, assumed to protect and did arrange for the protection of the original defendant while he, the original defendant, acted in the employ of the additional defendant upon which the additional defendant relied. There appears to be no allegation of any implied duty on the part of the additional defendant to indemnify the original defendant. The original defendant's right of indemnity therefore rests on statutory authority or by reason of a contract, neither of which we feel would be permitted under the appellate courts interpretation of the rules of civil procedure. It is submitted that the real reason behind the decision in some of the appellate court cases is the policy in Pennsylvania prohibiting the disclosure in personal injury cases of the fact that defendant is insured. If this court permits the additional defendant to be joined in this case, insurance coverage will be directly in issue and placed before the jury.

We make no effort in this opinion to decide the question of substantive law as to whether or not the additional defendant owes a duty of indemnity to the original defendant. Certainly the original defendant is entitled to his day in court to determine the contractual issue involved but this can be done by a separate and independent action. We therefore hold that

the liability of the additional defendant involves an action separate, distinct and unrelated to that declared upon and we do not feel that the joinder of the additional defendant is proper in this case.

For the reasons herein cited, the preliminary objections are hereby sustained.

And now, to wit, October 2, 1959, an exception is noted and bill sealed for original defendant.