Lewandowski et vir, Appellants, *v.* Joseph Horne Company.

Argued March 19, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Ronald P. Koerner,* with him *Arthur D. Gatz, Jr.,* and *Gatz, Cohen and O'Brien,* for appellants.

*James P. McKenna, Jr.,* with him *Dickie, McCamey & Chilcote,* for appellees.

*Kim Darragh,* with him *Meyer, Darragh, Buckler, Bebenek & Eck,* for appellees.

OPINION PER CURIAM, April 23, 1969:
Order granting a new trial affirmed.
Mr. Justice POMEROY took no part in the decision of this case.

———

DISSENTING OPINION BY MR. JUSTICE O'BRIEN:
While I agree with the majority that the verdict in this case should not be molded, I disagree with its conclusion that a new trial, generally, should be granted. The verdict of the jury clearly established the liability of all of the appellees, and the record indicates no trial error which might have influenced the jury's conclusions as to liability. Inasmuch as the issue of liability has been fairly tried, I deem it highly unjust to require appellants to litigate that issue again and hence, I would limit the new trial to the question of damages only.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:
Viewed in the light most favorable to appellants, the evidence shows that on December 14, 1963 at about 2 P.M., appellant Frances Lewandowski, an employee

of appellee Joseph Horne Company's store, was told by her immediate supervisor to go to a Mr. Linder's office because appellant had customers there. Appellant went to the office and instead of customers found appellee King, an employee of Horne, and appellee Fleishman, an employee of appellee Dale Systems, Inc., which had been retained by Horne to check on the honesty of Horne employees. King and Fleishman closed the door and proceeded to question appellant about an alleged incident in which appellant was accused of stealing money from the store. King and Fleishman threatened to have appellant taken to jail in a paddy wagon; searched appellant's purse by dumping the contents on a table; refused to allow appellant to leave, unless she confessed; threatened to have the incident publicized in the newspapers in Boston, where appellant's daughter lives; and threatened to cause appellant's husband, appellant Walter Lewandowski, to lose his job.

The record also shows that appellant became quite frightened, and got down on her hands and knees to proclaim her innocence before God. Appellee King responded to this by shouting at appellant to sit down and only answer the questions asked. King also removed his jacket and placed handcuffs and a blackjack on the table. Appellant was not allowed to leave until approximately 6:30 P.M., after signing a statement prepared by King.

Appellant's psychiatrist testified that as a result of the interrogation, appellant developed a mental illness of a permanent nature. Appellant and her husband brought this suit against Horne, Dale, King, Fleishman and Linder, claiming assault and false imprisonment. The jury found verdicts in favor of Linder, in favor of Walter Lewandowski for $1,000 against King and Fleishman, in favor of Frances Lewandowski

for $12,500 against Dale, and in favor of both appellants for $40,000 against Horne. The court below granted appellees' motion for a new trial and denied appellants' motion to mold the verdict, and appellants took this appeal.

In my view, the court below should have molded the verdict and should not have granted appellees' motion for a new trial. The jury clearly found both King and Fleishman to be liable, and the liability of Horne and Dale of course follows under the theory of respondeat superior. Although the jury's allocation of damages was improper, we can be certain that it concluded that appellants were entitled to a total of $53,-500 to compensate them for their injuries. $1,000 of that is due to Walter, as compensation for his payment of medical expenses, $12,500 clearly is due to Frances. Walter has waived his interest in the remaining $40,-000. Cf. *Zarko v. Kramer*, 117 Pa. Superior Ct. 443, 177 Atl. 478 (1935). As we recently indicated in *Hornak v. Pittsburgh Railways Co.*, 433 Pa. 169, 175-76, 249 A. 2d 312, 315-16 (1969), a jury verdict is entitled to "every reasonably possible intendment" in its favor before the parties should be put through another "long and arduous trial." With this principle in mind, the **court below** should have respected the jury's finding as to the total damage suffered by the Lewandowskis and made appellees jointly and severally liable for $53,-000.*

Furthermore, I believe that at the least a new trial should be restricted only to the issue of damages. There can be no question at all that the jury found appellants to be entitled to recover against all the appellees.

---

* The jury assessed the same damages against both Fleishman and King, the parties who did the actual wrongdoing. Thus the jury believed that they were both equally at fault, and the derivative liability of their respective employers would also be equal.

Liability has been clearly determined, and the confusion of the jury went only to how much each appellee should pay. It is grossly unfair to require appellants to once again establish fault and their legal right to some recovery.

Appellees' other grounds for sustaining the granting of a new trial are in my view wholly without merit. Appellees claim that the assault was improperly submitted to the jury, but I believe that the long locked-in interrogation, and the threatening attitude of the interrogators, coupled with King's placing of his handcuffs and blackjack in front of appellant constitutes a sufficient "show of force as to place plaintiffs in immediate fear of harmful bodily contact," *Cucinotti v. Ortmann*, 399 Pa. 26, 31, 159 A. 2d 216, 219 (1960); see Restatement 2d, Torts §21, to reach the jury on this issue.

Appellee Dale maintains it was error for the court to not charge the jury that if its employee Fleishman was liable, thus making Dale liable, Dale would be entitled to an action over against Fleishman, relying on *Milanovich v. Rochez Bros.*, 379 Pa. 264, 108 A. 2d 687 (1954); and on *Friedrich v. Baltimore and Ohio Railroad Co.*, 360 Pa. 515, 62 A. 2d 760 (1948). In those cases, this Court merely held that it was not error for the judge to so charge; we did not in any way indicate that the charge was a *necessary* one. Indeed it would seem that the charge is wholly superfluous, since under Pennsylvania practice, there is no provision which allows the employer to cross claim against his employee. Compare F. R. Civ. P. 13(g). Although in some cases the employer may indeed be entitled to an action over against his wrongdoing employee, the claim must be made in a new suit; thus this issue was of no concern to the jury in the case before us. The trial judge certainly had the discretion to choose to not

burden the jury with incidental information not relevant to its verdict.

Appellees next claim that a new trial is necessary because the court below refused to order appellants' psychiatrist to produce for inspection his original notes made when examining appellant. The doctor did not use these notes to testify, but used only abstracts made from the originals to refresh his recollection. The doctor refused to produce the original notes, which were either at his home or office, stating that the notes contained speculative comments about the patient made in an off-hand way. As a result, the doctor believed that the notes were subject to misinterpretation and should not be circulated. I believe it was in the discretion of the trial court to uphold this position. When a witness refreshes his recollection before trial through the use of writings not in court, it is for the trial court to decide in its discretion whether those writings must be produced at trial. See *Commonwealth v. Fromal*, 202 Pa. Superior Ct. 45, 195 A. 2d 174 (1963); cf., *Lardieri v. Lamont*, 172 Pa. Superior Ct. 35, 92 A. 2d 229 (1952).

Finally appellees Dale and Fleishman argue rather weakly that "it would appear that perhaps the Appellants have not taken a sufficient number of Appeals. New trials were granted in the Court below on the 3 verdicts recorded, in 2 of which the individuals and Dale Systems are the defendants, and 1 in the suit in which Joseph Horne Company is the defendant. However the plaintiffs have taken only 1 appeal in each case." It is clear to me that appellants intended to appeal the granting of a new trial and the denial of their motion to mold the verdicts as to all the appellees on all the verdicts, and there is no indication that any of the appellees were at any time confused or prejudiced by the form in which the appeals were filed.

272

Appellees' technical argument, which at best is difficult to understand, is in my view without merit.

In summary, I would reverse the granting of appellees' motion for a new trial, and would mold the verdicts as explained above. At the least I would limit a new trial to the question of damages.

Accordingly, I dissent.