# Feeney *v.* Maryland Casualty Co., Appellant.

*Contract—Written contract—Failure of minds to agree—Improper submission of case to jury—Province of court—Interpretation of correspondence.*

Where in an action on an alleged contract it appears that all of the negotiations between the parties were in writing, without any oral communications whatever, and that the last letter addressed by plaintiff to defendant was an absolute refusal of defendant's offer, it is error for the court to submit to the jury the question whether a contract was in fact made; and if the jury return a verdict in favor of the plaintiff, a judgment on such verdict will be reversed. In such a case the interpretation of the correspondence and its legal effect are exclusively for the court.

Argued Jan. 22, 1919. Appeal, No. 178, Jan. T., 1919, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1914, No. 847, on verdict for plaintiff in case of John P. Feeney, a minor, by his mother and next friend, v. Maryland Casualty Company. Before STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Assumpsit on an alleged contract. Before ROGERS, J.

At the trial the jury returned a verdict for plaintiff for $2,830. Defendant moved for judgment n. o. v., which was refused, and judgment entered for plaintiff. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*Maurice W. Sloan,* for appellant, cited: Swing v. Walker, 27 Pa. Superior Ct. 366.

*Michael J. Geraghty,* for appellee.—The case was for the jury: Rice v. Lake Twp., 40 Pa. Superior Ct. 337; Philadelphia to use v. Stewart, 201 Pa. 526; Watson v. Blaine, 12 S. & R. 131; Young v. Slatington Rolling Mills, 56 Pa. Superior Ct. 134.

The case at bar is, in many of its features, analogous to that of Bond v. Gardiner, 4 Binney 269.

OPINION BY MR. JUSTICE STEWART, February 24, 1919:

James P. Feeney, a minor, while in the employ of James G. Doak & Company, contractors, then engaged in the erection of a hotel building in the City of Philadelphia, was injured by being struck on the head by a brick which fell from one of the upper stories of the building. He brought suit by his mother and next friend against James G. Doak & Company to recover damages for the injuries he sustained, and, on October 17, 1914, he obtained a verdict in the sum of $1,500. He filed a motion for a new trial on the ground of inadequacy in the verdict. The court being of opinion that in view of the serious injury plaintiff had sustained, he was entitled to recover larger compensation, suggested upon argument of the motion that except as the amount was increased by the voluntary action of the defendant to a minimum of $2,500, the motion for a new trial would likely prevail. The motion was held as pending to give the counsel for defendant opportunity to consult with his clients. The defendant in the action was insured against liability for such accidents as this by the Maryland Casualty Company. The latter, though not a party to the action, was represented at the trial of the case by the same counsel who appeared for the defendant. The casualty company being informed of the motion pending and the probable action of the court, instructed their counsel to submit an offer to increase the sum to $2,500. On 29th October following, the counsel communicated this fact to the several members of the court and the plaintiff's counsel as well. In a letter addressed to the latter, he stated that as soon as the latter signified his willingness to accept he would send him a check for the amount agreed upon. To this letter counsel for the plaintiff replied under date of October 30th, as follows: "In re Feeney et al. v. Doak & Company. I beg leave to acknowledge re-

ceipt of your letter of yesterday offering $2,500 in compromise of the above entitled cause in which a verdict for $1,500 was obtained before Judge BARRATT on the 17th inst. It is needless to inform you that my clients were very sorely disappointed at what they believed to be the inadequacy of the verdict. And they believe that $5,000 would be poor recompense to young Mr. Feeney for the injury which befell him through no fault of his own.... Both my client and myself would much prefer a new trial to a settlement for less than the above stated sum. However, I am not averse to entertaining a proposition that would be fair to both parties, and am therefore willing that the court in banc may decide what amount in excess of $2,500 shall be paid to my client......They to abide by the court's decision." The day following counsel for defendant replied by letter, the only part of which that is here pertinent being in these words: "As my clients have agreed to do what the court suggested, I feel it is all you should ask. I must therefore decline to increase the offer which has been made." Three days after plaintiff's counsel replied as follows: "In answer to your letter of the 31st concerning the above entitled matter in which you declined to offer more than $2,500 in compromise thereof, I beg leave to advise you that the above mentioned amount is very unsatisfactory to my client John Feeney, and his mother, both of whom would much prefer a new trial to an acceptance of the sum proffered. That there may be no unnecessary delay in this matter will you kindly meet me about 9:45 a. m. next Saturday in C. P. No. 2 for the purpose of asking the judges to decide whether I shall have a new trial or not." Here an interval of three weeks occurred with nothing passing from either side to the other in regard to the proposed compromise or settlement; but during this period financial difficulties overtook James G. Doak & Company and their affairs passed into the hands of receivers. On November 27th, plaintiff's counsel wrote defendant's counsel as follows: "I have before me a copy of your letter

of the 29th, in which it is stated 'my clients have approved of my suggestion to them to pay $2,500 in settlement of this case.' While my clients and myself are firmly of opinion that said amount is inadequate to compensate the injury which young Mr. Feeney suffered, nevertheless, he and his mother who were the plaintiffs, rather than undergo the ordeal of a second trial, are willing to accept the said amount, and on their behalf I accept your offer of compromise." On December 2d, counsel for the casualty company replied to this letter, in part, as follows: "On November 3d you wrote me that your clients were not satisfied with the amount offered in my letter, and that you preferred a new trial to the acceptance of the sum proffered. I sent your letter to my clients, and they then thought the matter was at an end. Since your letter of November 3d, Doak & Company have gone into the hands of a receiver, and my clients advise me that they are not willing to pay $2,500." As a next step the plaintiff withdrew his motion for a new trial, caused judgment to be entered on the verdict for $1,500, then proceeded by execution process and attachment to collect the same, and shortly thereafter brought the present action against the Maryland Casualty Company, complaining that the company was indebted to him in the sum of $2,500, which sum the said casualty company, the insurer of James G. Doak & Company against liability, agreed to pay the plaintiff in satisfaction and compromise of the claim therein sued for and for which a verdict had been rendered. The claim thus made was without support except as such support is found in the correspondence we have given above between the respective counsel, the genuineness of which was admitted. The parol evidence in the case had not even remote bearing on the question. The alleged contract being in writing and the correspondence disclosing nothing that was the subject of dispute, the interpretation of the correspondence and its legal effect were exclusively for the court; nevertheless, declining the motion of defendants

for binding instructions the court submitted the case to the jury to find (1) whether through its counsel the defendant had made an offer to plaintiff of $2,500 in settlement, and (2) whether if such offer had been made, there was an acceptance of it by the plaintiff, with this instruction, "If you conclude from all the testimony, that there was a bona fide acceptance of the offer, then the plaintiff had a right to recover in this action. If, on the other hand, you are of opinion from all the evidence that you have heard, that this offer that was made by the Maryland Casualty Company to Mr. Feeney, the plaintiff, was not in fact accepted, but that the letters of October 30th and of November 3d, sent by Mr. Geraghty to Mr. Sloan was a refusal of the offer made, then that is the end of the case and your verdict must be for the defendant." The letter of Mr. Geraghty referred to admits of but one construction; it was a distinct and positive refusal of the offer made by Mr. Sloan in his letter of 3d of November, to which this was a reply, accompanied by a statement that both his client and himself would prefer the hazard of a new trial to a settlement for the amount offered, but that they would be willing that the court in banc should decide what amount in excess of $2,500 should be paid, the parties to abide by such a decision. A verdict was rendered for $2,830 which included interest. A motion for a new trial was made and withdrawn and at the same time a motion for judgment non obstante, which was refused. The appeal is from the judgment then entered.

The case calls for no discussion. The correspondence shows clearly that there was at no time a concurrence of view touching the proposed settlement. At no time had a mutual understanding been reached in regard to the terms. It follows that no contract had been entered into and that the defendant's motion for judgment non obstante should have prevailed. The judgment is reversed, and now judgment for the defendant is entered.