United Mercantile Agencies, Inc., Appellant, *v.*
Slotsky et al.

Argued November 20, 1935.
Be-
fore KELLER, P. J., BALDRIGE, STADTFELD, PARKER,
JAMES and RHODES, JJ.

*Joseph A. Keough,* with him *Levi, Mandel & Miller,* for appellant.

*George T. Steeley,* with him *William A. Carr* and *Sidney L. Krauss,* for appellees.

OPINION BY BALDRIGE, J., January 31, 1936:

In this case of assumpsit, Judge TUMOLILLO of the municipal court, sitting without a jury, found for the defendants.

The sole question before us is whether the correspondence between the parties created a binding contract.

On December 9, 1931, defendants, clothing manufacturers, wrote a letter to the plaintiff, who was engaged in the business of collecting delinquent accounts, stating that a merchandising company in Memphis, Tenn., was indebted to them in the sum of $3,943.21, and requested plaintiff to collect the account on the usual Commercial Law League of America contingent fee basis. It was admitted that this rate is 15% of the first $500; 10% on the excess of $500 to $1,000; 5% on the excess of $1,000. On December 11, 1931, plaintiff, in acknowledging defendants' letter, stated: "We very promptly handled the Bry Block Mercantile Co. account, Memphis, Tenn. through our Adjustment Division ...... We have our man on the job and we urge that you write us immediately, sending us the original signed order," etc. But there was no expression in this letter which amounted to an unqualified

acceptance of the defendants' proposition. Another letter followed three days later, wherein it was stated: "We handle the large accounts through our personal adjusters and the fee for this service is 15% on the first $2,000 and 10% on excess. The reason for the slight increase of the Commercial Law League schedule is that we are specialists and naturally spend a great deal more money than an attorney does in handling an account." As it clearly appears in the last letter that there was no acceptance of the offer, it follows that it was rejected: Serv. Prod. Inc. v. Am. Insul. Co., 104 Pa. Superior Ct. 469, 159 A. 228. After receipt of this information, defendants, on December 18, 1931, wired the plaintiff to return all papers regarding the account forwarded for collection. This action was entirely within their right. On the same day, plaintiff wired back: "Impossible to return Bry Block claim. Our adjuster has been in Memphis for three days on this case. Possibly you have heard direct from this debtor. If so give us details at once." To this wire, defendants replied: "Claim was placed C. L. A. basis only—reason telegram." The plaintiff never collected anything on the account. In the meantime, defendants engaged counsel to institute a suit, and a compromise was effected. The plaintiff brought suit to recover the amount of the fees in accordance with the C. L. L. rates, contending that its letter of December 11th constituted an acceptance of the terms in the defendants' letter of December 9th.

An acceptance of an offer, to be effective, must be unconditional. If it is qualified in any manner, or accompanied by a new proposal, the minds of the parties have not met and a contract is not formed. Section 58 of Restatement of the Law of Contracts states: "Acceptance must be unequivocal in order to create a contract." Thereunder appears the following comment: "a. An offeror is entitled to know in clear terms

whether the offeree accepts his proposal. It is not enough that the words of a reply justify a probable inference of assent." This comment is in entire accord with numerous authorities in our state, a few of which are Jaxtheimer v. Sharpsville Boro., 238 Pa. 42, 85 A. 994; Rasche & Co. v. Campbell, 276 Pa. 268, 120 A. 132; Vitro Mfg. Co. v. Standard Chem. Co., 291 Pa. 85, 139 A. 615.

The plaintiff's action in turning the claim over to the adjustment division, and incurring expenses in connection therewith, was entirely voluntary on its part. It assumed, and must abide by, the consequence of its unauthorized conduct.

The learned court below, therefore, very properly found that as the plaintiff failed to accept defendants' terms, and asked for a higher commission which was refused by the defendants, no binding contract existed.

Judgment is affirmed.