Alexanian, Appellant, *v.* Fidelity-Philadelphia Trust Company. -

24

Argued October 13, 1942.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY,
JJ.

*Thomas O. Haydock,* with him *Thomas C. Di Nardo*
and *Albert G. F. Curran,* for appellant.

*Howard H. Rapp,* with him *John N. Schaeffer, Jr.,*
and *Morgan, Lewis & Bockius,* for appellee.

OPINION BY HIRT, J., March 2, 1943:

This is an appeal from an order discharging a rule
for judgment for want of a sufficient affidavit of defense.

Defendant as trustee was the owner of land in Phila-
delphia. On March 5, 1942, plaintiff in writing offered
to buy the land for $3,000, payable $600 in cash; the
remaining $2,400 to be secured by a purchase money
mortgage on specified terms. Through her agent, plain-
tiff delivered a certified check to defendant for $300
"with the understanding that this may be used as an
initial deposit on an agreement of sale to be drawn if

the above terms are acceptable." The offer was made with knowledge that a prior agreement of sale at a lower price was pending and plaintiff's agent, because of that fact, agreed to accept one-half of the regular commission of 5% as his compensation as broker. Defendant in reply submitted an agreement of sale to plaintiff, presumably embodying the terms of the offer, to be executed by her, but attached the following conditions in an accompanying letter: "...... before we can accept the offer from your client it will be necessary that you make suitable arrangements with the broker who negotiated the first agreement, for a division of the commission and a release from the original vendeˆ as to any reasonable costs and expenses he may have incurred by reason of the execution of the original agreement of sale." Plaintiff withdrew her offer on March 19, 1942.

Defendant later sold the land for $2,600 and retained the proceeds of plaintiff's check for $300 to apply on the damage to the trust alleged to have resulted from plaintiff's refusal to consummate the sale at $3,000 in accordance with her offer.

"Nothing is better settled than that in order to constitute a contract there must be an offer on one side and an unconditional acceptance on the other. So long as any condition is not acceded to by both parties to the contract, the dealings are mere negotiations and may be terminated at any time by either party while they are pending. There must be a meeting of the minds in order to constitute a contract": *Cohn v. Penn Beverage Co.*, 313 Pa. 349, 169 A. 768. An acceptance qualified by conditions not implied by law does not make a contract. *Hutchinson Baking Co. v. Marvel*, 270 Pa. 378, 113 A. 433; *Leo P. Rich v. G. W. Pifer Sons*, 100 Pa. Superior Ct. 483; *Clements v. Bolster*, 6 Pa. Superior Ct. 411. If defendant's reply did not unequivocally accept the terms of plaintiff's offer, no

contract resulted and there was nothing to submit to a jury; the question was one of law for the court. *Feeney v. Maryland Casualty Co.*, 264 Pa. 46, 107 A. 320; *Serv. Prod. Inc. v. Am. Insul. Co.*, 104 Pa. Superior Ct. 469, 159 A. 228.

Defendant's reply was clearly no more than a counter offer since it imposed two conditions to be fulfilled by plaintiff before acceptance of her offer. Plaintiff was required by defendant to make suitable arrangements with the broker who secured the first purchaser as to a division of commissions and also to obtain a release of defendant from liability to the first purchaser for expenses incurred. These conditions imposed burdens on plaintiff which she was not obliged to assume. The Act of July 2, 1941, P. L. 227, 20 PS 2254 determined his share of the commissions; there was no duty on plaintiff to secure an agreement with the first broker for a division of the fee. Moreover, on the acceptance of a higher offer, the obligation was on the fiduciary, to reimburse the first vendee with whom it had contracted, for necessary expense incurred. *Brown's Appeal*, 68 Pa. 53. By the second condition imposed, the fiduciary here attempted to shift this obligation to the plaintiff.

The dealings of the parties in this case did not go beyond the stage of negotiations; defendant, though purporting to accept the offer, added qualifications and the performance of conditions which destroyed its effect as an acceptance; it was no more than a counter offer. Restatement, Contracts, §60. Plaintiff therefore, was within her rights in withdrawing the offer on March 19, 1942. *Vincent v. Oil Co.*, 165 Pa. 402, 30 A. 991. Thereupon her hand payment should have been returned to her without question.

Order reversed and judgment is directed to be entered in favor of plaintiff for $300 with interest from March 19, 1942.