## Borden & Farley v. Dean

C.P. of Pike County, no. 1352-Civil-1994.

*Robert F. Bernathy,* for plaintiff.
*Andrew W. Hood,* for defendant.

THOMSON, *P.J.,* May 24, 1996—Plaintiff Borden & Farley P.C. commenced this action to recover fees

for the rendering of legal services to defendants Clyde and Elizabeth Dean. A non-jury trial was held on March 7, 1996 at which Attorney Robert F. Bernathy testified for the plaintiff. The defendants did not attend the trial but were represented by counsel. The case is now ripe for adjudication.

In April 1993, the defendants engaged the services of the law firm of Borden & Farley. Clyde and/or Elizabeth Dean originally met with the firm's partner, Thomas Farley, Esquire. Attorney Farley orally communicated to the Deans the hourly rate of the firm's services which varied depending on the attorney working on their case. He later sent Elizabeth Dean a written attorney-client engagement letter confirming that Elizabeth Dean had engaged the services of Borden & Farley P.C.

The Deans desired to file suit against several insurance companies to compel coverage for a claim submitted following an automobile accident involving Elizabeth Dean. Borden & Farley entered their appearance on behalf of both Clyde and Elizabeth Dean. Attorney Farley prepared a complaint and sued on behalf of both Clyde and Elizabeth Dean. Both of the Deans signed the verification attached to the complaint.

Attorney Robert F. Bernathy became the responsible attorney in the case shortly after the complaint was filed. On behalf of the Deans, Attorney Bernathy conducted depositions, prepared and exchanged interrogatories, and attended a jury trial in Wayne County, Pennsylvania. Both Clyde and Elizabeth Dean attended the trial. At the completion of the trial, the fees totalled $7,739.83.

Borden & Farley dealt principally with Elizabeth Dean. Clyde Dean resided in North Carolina, while Elizabeth Dean resided locally in Pennsylvania. The correspondence from Borden & Farley was addressed to both Clyde and Elizabeth Dean at the local Penn-

sylvania residence. The invoices were addressed only to Elizabeth Dean at the Pennsylvania address.

At no time did either Clyde or Elizabeth Dean object to Borden & Farley's representation of both their interests. Throughout the time preceding and following the trial, Borden & Farley requested, via numerous correspondences, that Clyde and Elizabeth Dean keep their statement current. Invoices were sent to the Deans on a monthly basis over one and one-half years. At no time did the Deans forward payment.

The basic elements necessary for an enforceable contract are "offer," "acceptance," "consideration" or "mutual meeting of the minds." *Stelmack v. Glen Alden Coal Co.,* 339 Pa. 410, 413-14, 14 A.2d 127, 128 (1940); *United Mercantile Agencies Inc. v. Slotsky,* 121 Pa. Super. 1, 3, 182 A. 788, 789 (1936); *PennDOT v. First Pennsylvania Bank N.A.,* 77 Pa. Commw. 551, 553, 466 A.2d 753, 754 (1983); *Restaurant Associates Industries Inc. v. Anheuser-Busch Inc.,* 397 F. Supp. 1213, 1217 (1975). When seeking to enforce a contract, one may look to the conduct of the parties to ascertain an acceptance of the contract. *Accu-Weather v. Thomas Broadcasting Company,* 425 Pa. Super. 335, 340, 625 A.2d 75, 78 (1993).

The determination as to who are the parties to a contract must be decided upon a consideration of all of the facts of the case. C.J.S. Contracts §346. If the answer is not clear from the face of the contract, the question must be determined from the intent of the parties under the general rules of construction. *Id.* Parties are bound to an agreement if they have manifested an intent to be bound by the terms of the agreement, the terms are sufficiently definite, and there is consideration. *Johnston the Florist Inc. v. Tedco Construction Corp.,* 441 Pa. Super. 281, 291, 657 A.2d 511, 516 (1995).

Under the facts of this case, both Clyde and Elizabeth Dean manifested an intent to contract with Borden & Farley for the provision of legal services. The acceptance of the terms of the contract by the Deans is evident throughout the parties' course of conduct.

Counsel for the Deans contends that a contractual relationship existed only with Elizabeth Dean and not with Clyde Dean. The suit filed by Borden & Farley was filed on behalf on both Clyde and Elizabeth Dean. The complaint was verified by both Clyde and Elizabeth Dean. All correspondence was directed to both of the Deans. Additionally, both Deans stood to profit from a victory in the lawsuit. We therefore conclude that Clyde and Elizabeth Dean intended to contract for legal services with Borden & Farley P.C.

The sending of the invoices to Mrs. Dean appears to be a matter of convenience for the law firm. The balance of the evidence over the course of the lawsuit convinces us that both of the Deans intended to contract for the law firm's services.

The terms of the agreement as outlined in the engagement letter are sufficiently definite and there was adequate consideration. Together, the correspondence, invoices and representation of the Deans is sufficient evidence of a valid and enforceable agreement between the parties.

## ORDER

And now, May 24, 1996, upon consideration of plaintiff Borden & Farley P.C.'s complaint, defendants Clyde and Elizabeth Dean's answer, non-jury trial held thereon, judgment is hereby entered in favor of Borden & Farley P.C. and against Clyde and Elizabeth Dean in the amount of $7,739.83, plus interest at 6 percent per year from the date of this judgment.