**DELAWARE RIVER PRESERVATION COMPANY, INC., Appellant**

v.

**Fran MISKIN, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 14, 2007.
Filed April 23, 2007.

Martin J. Karess, Allentown, for appellant.

John J. Warenda, Morrisville, for appellee.

BEFORE: LALLY–GREEN, GANTMAN, and POPOVICH, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Delaware River Preservation Company, appeals the order entered in Wayne County Court of Common Pleas, which denied its motion for judgment on the pleadings and granted a cross-motion for judgment on the pleadings in favor of Appellee, Fran Miskin.[1] Specifically, Ap-

---

1. The certified docket entry for this order reads: "And now this 10th day of August, 2006, in accordance with this opinion the Plaintiff's motion for judgment on the plead-

pellant asks us to determine whether its letters of February 7, 2006 and February 16, 2006 to Appellee created an enforceable contract of sale, and whether Appellee's refusal to sell a parcel of real property to Appellant constituted a breach of contract for which Appellant is entitled to specific performance on its right of first refusal. We hold Appellant's letters to Appellee were not a proper exercise of Appellant's right of first refusal because Appellant's letters effectively rejected the initial third-party offer and were merely negotiations; no contract for sale of the property was formed between Appellant and Appellee with respect to that offer; Appellant therefore is not entitled to specific performance in the form of transfer of the parcel; and the trial court properly granted judgment on the pleadings in favor of Appellee. Accordingly, we affirm.

¶ 2 The relevant facts and procedural history of this case are as follows. Appellee acquired title by deed dated September 12, 1996, to a parcel of real estate located at 977B Winterdale Road, Lot C, Delaware Preserve Development, Starlight, in Buckingham Township, Wayne County, Pennsylvania. As a condition of the sale, title to the property was made subject to a covenant granting Appellant a right of first refusal if Appellee decided to sell the parcel.

¶ 3 On January 13, 2006, Appellee received an offer from an adjacent property owner to buy Appellee's lot for $110,000.00 **plus** a properly executed and recorded covenant prohibiting development or construction of any improvements on the lot for fifteen (15) years, which contingency could not be waived by the Buyer. On January 24, 2006, Appellee contacted Appellant, informed Appellant of the terms of the third-party offer, and honored Appellant's right to preempt that offer and agree to purchase the property on the same terms.

¶ 4 By letters dated February 7, 2006 and February 16, 2006, Appellant purported to exercise its right of first refusal by "accepting" the third-party offer of $110,000.00 **but** "without the necessity of imposing any restrictions" on the property's title. Appellee did not respond to Appellant's letters.

¶ 5 By letter dated March 1, 2006, Appellee advised Appellant of a second offer from the same source to purchase Appellee's lot for $150,000.00, this time without the covenant restricting development or construction on the property. By letter dated March 2, 2006, Appellant informed Appellee that a contract of sale had already been formed on February 7, 2006, because Appellant had exercised its right of first refusal by accepting the first offer, and demanded settlement on or before April 1, 2006.

¶ 6 On March 21, 2006, Appellant filed suit in the Wayne County Court of Common Pleas asserting Appellee refused to sell the subject parcel to Appellant for $110,000.00, which constituted a breach of the contract for sale formed as a result of Appellant's exercise of its right of first refusal. Appellant claimed it now had an "equitable interest" in the parcel by reason of the proper exercise of its right of first refusal. Appellant sought injunctive relief prohibiting Appellee from selling, mortgaging or encumbering the property in any way or conveying it or any part of it to any person other than Appellant. Appellant also sought an order directing Appellee to accept Appellant's terms and convey

ings is granted." This docket entry is incorrect as stated. The court's opinion and order actually denied Plaintiff (Appellant's) motion and granted Defendant (Appellee's) cross-motion for judgment on the pleadings. The docket entry should be amended to reflect the court's decision.

the subject parcel with marketable title, free of all encumbrances, in fee simple by deed signed and delivered in proper legal form. In other words, Appellant demanded specific performance on the purported contract of sale. Appellee filed a timely answer with new matter. Among other responses, Appellee specifically denied any contract for sale had been formed as a result of Appellant's response to the third-party offer.

¶ 7 On July 7, 2006, Appellant filed a motion for judgment on the pleadings. Appellee responded with a cross-motion for judgment on the pleadings.

¶ 8 In its order dated August 11, 2006, the trial court denied Appellant's motion and granted Appellee's cross-motion for judgment on the pleadings. On August 30, 2006, Appellant filed timely notice of appeal. On the same day, the trial court ordered Appellant to file its concise statement of the matters complained of on appeal pursuant Pa.R.A.P.1925(b). On September 8, 2006, Appellant filed its Rule 1925(b) statement.

¶ 9 Appellant raises the following issue on appeal:

> APPELLANT IS ENTITLED TO HAVE THE RELIEF REQUESTED IN ITS COMPLAINT GRANTED ON THE BASIS THAT THE PLEADINGS ARE CLOSED, THERE ARE NO MATERIAL FACTS IN DISPUTE, AND ITS RIGHT TO RELIEF UNDER THE PLEADINGS IS ABUNDANTLY CLEAR AND, THEREFORE, APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS SHOULD BE DENIED.

(Appellant's Brief at 4).

 ¶ 10 The pertinent standard and scope of review is as follows:

> [Appellate review of an order granting a motion for judgment on the pleadings] is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

Lewis v. Erie Ins. Exchange, 753 A.2d 839, 842 (Pa.Super.2000), affirmed, 568 Pa. 105, 793 A.2d 143 (2002). The reviewing court looks to see if the trial court's resolution of a motion for judgment on the pleadings "was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury." Id. "We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise." Holt v. Lenko, 791 A.2d 1212, 1214 (Pa.Super.2002).

¶ 11 Appellant claims the pleadings make clear Appellant exercised its right of first refusal when it "accepted" the offer to purchase Appellee's lot for the sum of $110,000.00 with settlement to occur on April 1, 2006, without imposition of the restrictive covenant barring construction or development on the property for fifteen years. Appellant argues the terms contained in its February 7th letter, which omitted the restrictive covenant of the third-party offer, actually created a more favorable contract of sale for Appellee. Appellant insists it did not materially alter the original third-party offer by omitting the restrictive covenant. Appellant asserts the non-material alteration of the terms of the third-party offer was a proper exercise of its right of first refusal and its letter created a contract with Appellee for sale of the parcel on Appellant's terms. Thus, Appellant maintains its February 7th letter constituted an "acceptance" of

the offer to sell the lot under Appellant's right of first refusal. Appellant concludes it is entitled to judgment as a matter of law, and the court's order should be reversed and the case remanded for entry of judgment in Appellant's favor. We disagree.

 ¶ 12 Generally, the right of first refusal is a right of preemption, allowing the holder of the right first chance to purchase the property before the owner sells the property to a third party. *See Lehn's Court Management LLC v. My Mouna Inc.*, 837 A.2d 504, 507 (Pa.Super.2003).

A right of first refusal constitutes a promise to offer the res of the right to the promisee for such consideration as the promisor determines to accept on the basis of an offer from a third party before accepting the offer of the third party. A right of first refusal does not require the promisor to offer the res at all. **The right of first refusal merely requires that before the promisor accepts an offer of a third party, [the promisor] must offer the res to the promisee of the right for the consideration [the promisor] is willing to accept from the third party.**

*CBS Inc. v. Capital Cities Communications, Inc.*, 301 Pa.Super. 557, 448 A.2d 48, 56 (1982) (emphasis added). If a third party makes an offer, the owner of the land is privileged not to accept it or refer the offer to the promisee; but the owner is duty bound not to accept a third-party offer without first giving the promisee an opportunity to match the offer. *Gateway Trading Co. v. Children's Hospital of Pittsburgh*, 438 Pa. 329, 335, 265 A.2d 115, 119 (1970).[2]

 ¶ 13 A right of first refusal operates in two ways:

First, if owner receives an offer from a third party for his land **and** owner decides to sell, owner must first offer the property to [promisee]. **The terms of the owner's offer to the [promisee] are identical to those contained in the third party's offer.** Second, if owner initiates everything and decides to sell his property, his first offer must be to [promisee]. In neither case can [promisee] force owner to sell. Before [promisee's] right of first refusal comes into effect, owner has already come to a good faith conclusion that he wishes to dispose of his property. Further, [promisee] is never forced to buy the property; he is always free to not exercise his right. All of this amounts to a small restraint on alienation that the law has allowed.

*Lehn's Court Management, LLC, supra* at 507 (emphasis added). In order to act on a right of first refusal, the promisee must "unequivocally accept the terms of the [third-party] offer." *Alexanian v. Fidelity–Philadelphia Trust Co.*, 152 Pa.Super. 23, 30 A.2d 651, 652 (1943).

 ¶ 14 "Right of first refusal" cases are reviewed under the standard principles of contract construction. *CBS Inc., supra* at 56. "An acceptance qualified by conditions not implied by law does not make a contract." *Alexanian, supra* at 652. If a reply does not unequivocally accept the terms of an offer, then no con-

2. Not every transfer of property will trigger a valid right of first refusal. *See Lehn's Court Management LLC, supra* (adopting four-part test for purposes of determining whether right of first refusal is triggered in a property transfer; holding transfer of property from landlord to corporation of which landlord was sole shareholder did not constitute "sale" that triggered tenant's right of first refusal); *Mericle v. Wolf*, 386 Pa.Super. 82, 562 A.2d 364 (1989) (holding gratuitous transfer of real property to hospital did not trigger right of first refusal).

tract is formed. *Id.* Such a question is generally one of law for the court to decide. *Id.*

¶ 15 When the promisee's right of first refusal is violated or ignored, the promisee may be entitled to specific performance; a party may obtain specific performance of a right of first refusal where the right is valid, the challenged conveyance was made in derogation of the right, and there is no adequate remedy at law. *Perrige v. Horning,* 440 Pa.Super. 31, 654 A.2d 1183, 1188 (1995) (citations omitted). Specific performance in the conveyance of real property is not a matter of right but of grace and will not be granted unless the party seeking the relief is clearly entitled to it. *Mrahunec v. Fausti,* 385 Pa. 64, 68, 121 A.2d 878, 880 (1956); *Wagner v. Estate of Rummel,* 391 Pa.Super. 555, 571 A.2d 1055, 1058 (1990), *appeal denied,* 527 Pa. 588, 588 A.2d 510 (1991).

¶ 16 Instantly, the parties agree Appellant held a valid right of first refusal on Appellee's lot, pursuant to the language of the parties' covenant which provides:

### Article VI

### Declarant Developer's First Right of Refusal

6.01. At any time the owner of a lot within the Development Area is desirous of selling his or her interest to a third party, he or she must first communicate the offer received unto the Declarant Developer by registered/certified letter, return receipt requested. The Declarant Developer shall have 60 days to accept the proposed offer after receiving it by written acceptance, mailed within such 60 day period by registered/certified mail, return receipt requested, to the residence of the lot owners.

In the event the Declarant Developer does not accept the offer as specified above within the 60 days, the Lot Owners shall be free to conclude the transfer in accordance with the terms communicated to the [Declarant] Developer.

In the event settlement is not concluded within 120 days of the original notification to the Developer, its right of first refusal shall be effective and complied with.

(First Amended Declaration of Covenants, Easements and Restrictions, Article VI, at 8–9; R.R. at 17a). The covenant makes clear that Appellant's right of first refusal is triggered if Appellee wants to sell the parcel. The third-party offer must then be duly communicated to Appellant. The covenant states Appellant has 60 days to accept the offer as communicated. If Appellant does not accept the offer, Appellee is free to conclude the transfer with the third party in accordance with the terms Appellee communicated to Appellant. Further, if Appellee does not sell the property to the third party within 120 days, Appellant's right of first refusal is restored.

¶ 17 The parties also agree there was a third-party offer, and Appellee duly referred the offer to Appellant in deference to Appellant's right of first refusal. The dispute in this case is whether Appellant's letters of February 7, 2006 and February 16, 2006 constituted an "acceptance" that created a contract of sale between Appellee and Appellant. Appellant's letters of February 7, 2006 and February 16, 2006 contained terms that did not mirror the terms of the third-party offer. The changes Appellant made to the terms of the initial third-party offer, whether material or non-material, did not constitute an unequivocal acceptance of the third-party offer. *See Lehn's Court Management, LLC, supra; Alexanian, supra.* In essence, Appellant's letters to Appellee containing the varied terms effectively rejected the initial third-party offer and were merely negotiations. Thus, no contract for

sale of the property was formed between Appellant and Appellee with respect to that offer. *See id.* Therefore, Appellant is not entitled to specific performance, and the trial court properly granted judgment on the pleadings in favor of Appellee. *See Mrahunec, supra. See also Holt, supra; Lewis, supra.*

¶ 18 Based upon the foregoing, we hold Appellant's letters to Appellee were not a proper exercise of Appellant's right of first refusal because Appellant's letters effectively rejected the initial third-party offer and were merely negotiations; no contract for sale of the property was formed between Appellant and Appellee with respect to that offer; Appellant therefore is not entitled to specific performance in the form of transfer of the parcel; and the trial court properly granted judgment on the pleadings in favor of Appellee. Accordingly, we affirm. Further, we deny Appellee's motion to dismiss the appeal as moot.[3]

¶ 19 Order affirmed.

---

**3.** Pennsylvania law states that appellate courts will not decide moot or abstract questions; an actual claim or controversy must exist at all stages of review. *In re Duran,* 769 A.2d 497, 502 (Pa.Super.2001). If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot. *Id.* If an event occurs that renders impossible the grant of the requested relief, the issue is moot and the appeal is subject to dismissal. *Com. ex rel. Powell v. Rosenberry,* 435 Pa.Super. 337, 645 A.2d 1328 (1994). "An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Johnson v. Martofel,* 797 A.2d 943, 946 (Pa.Super.2002), *appeal denied,* 572 Pa. 706, 813 A.2d 842 (2002). Nevertheless, in rare instances, appellate courts of this Commonwealth will reach the merits of a question that

is technically moot if the Court determines that the issue is (1) of great public importance or (2) capable of repetition yet likely to evade review. *Id.*

Instantly, Appellee filed a motion to dismiss this appeal as moot on the ground that Appellee no longer wants to sell the lot and has rejected any previous offers from the prospective buyer to purchase the parcel. That change in the facts, however, does not necessarily render this appeal moot. Appellant's issue on appeal was whether its letters of February 7, 2006 and February 16, 2006 created an enforceable contract of sale, and whether Appellee's refusal to sell the property to Appellant constituted a breach of contract for which Appellant demanded specific performance. We have resolved these claims against Appellant and deny Appellee's motion to dismiss.