J-A25041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SUSAN JANSSENS AND KEVIN MIELE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM JANSSENS, JOANNE | : | |
| PURCELL AND FRANK FERRANTE | : | |
| | : | No. 960 EDA 2024 |
| | : | |
| APPEAL OF: JOANNE PURCELL AND | : | |
| FRANK FERRANTE | : | |

Appeal from the Order Entered March 4, 2024
In the Court of Common Pleas of Pike County
Civil Division at No(s):  2021-00250

BEFORE:  OLSON, J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED MAY 30, 2025**

Joanne Purcell and Frank Ferrante ("Appellants") appeal from the order granting the motion of Susan Janssens and Kevin Miele ("Appellees") for compliance and enforcement of a partition order.  Following our review, we affirm.

The trial court set forth the following factual and procedural history in its Pa.R.A.P. 1925(a) opinion:

> . . . Appellees . . . are the owners of one-half interest in real property located in Lackawaxen Township, Pike County Pennsylvania ("[the] Property").  . . . Appellants . . ., through William Janssens (now deceased) [("William")], also hold one-half interest in the same Property.  [I]n March [] 2021, [] Appellees filed a complaint in partition ("Complaint") requesting that the Property be sold.  [I]n March [] 2023, following a hearing at which the parties agreed to partition, the trial court entered an order granting the request and appointed . . . [a] Master in Partition.  [I]n April [] 2023, the trial court entered an order directing that

the Property be appraised and an auction be held. [I]n July [] 2023, the trial court entered an order confirming a $350,000.00 bid offered by [] Appellees and accepted by [] Appellants. [I]n August [] 2023, the Master in Partition filed a Report and Recommendation ("R&R"), determining that the portion of the purchase price owed to [] Appellants was $175.000.00, that [] Appellants were entitled to a credit of $5,393.28, and that closing occur within sixty [] days of the trial court's adoption of the R&R. [I]n September [] 2023, the trial court issued an order adopting the R&R . . . .

Thereafter, a deed was prepared by [] Appellants which contained language reserving a right of first refusal in their own favor . . ., purportedly in accord with a testamentary gift contained . . . in the Last Will and Testament of Andrew Sleboda [("Decedent")] . . . dated April 27, 1988, but never appearing in any subsequent deed in the chain of title to the Property. [] Appellants refused to close the sale of the Property without the inclusion of the [right of first refusal in the deed]. . . ..

Trial Ct. Op., 5/20/24, at 1-2 (unnecessary capitalization omitted).

Regarding the right of first refusal: it is uncontested that Appellants did not raise the issue in any of their pleadings. *See* Mot. for Compliance, 11/27/23, at ¶ 8; Ans., 1/22/24, at ¶ 8. However, in July 2023, a week before the private sale, Appellants advised Appellees *via* letter of the right of first refusal. *See* Ans., 1/22/24, at ¶ 8; N.T., 1/22/24, at 9. Without either party taking any action regarding the alleged right of first refusal, they proceeded with the sale, as noted above. At a hearing before the Master in Partition, Appellants again raised the issue of the right of first refusal; however, the Master in Partition declined to address the matter. *See* Mot. for Compliance, 11/27/23, at ¶¶ 22-23; Ans., 1/22/24, at ¶ 22. Following the filing of the Master's R&R in August, Appellants took no action to assert their right of first

refusal.  Appellants again took no action to assert their right of first refusal claim following the trial court's September 2023 order adopting the R&R.

The trial court set forth the remainder of the factual and procedural history as follows:

> [I]n November [] 2023, [] Appellees filed a motion for compliance and enforcement of [the] partition order . . ., requesting that the Property be conveyed from [] Appellants to [] Appellees without the [right of first refusal] and that [] Appellants pay [] Appellees' attorney fees.[1]  [I]n March [] 2024, the trial court issued an order granting [] Appellees' Motion and requiring [] Appellants to convey the Property without the [right of first refusal].  [I]n April [] 2024, [] Appellants filed a timely notice of appeal and a concise statement of errors complained of on appeal thereafter.

Trial Ct. Op., 5/20/24, at 2 (unnecessary capitalization omitted).

_____

[1] The trial court held an evidentiary hearing on Appellees' motion in January 2024.  The parties agreed to enter exhibits into the record and make argument rather than present any testimony.  *See* N.T., 1/22/24, at 4.  The notes of testimony from the hearing, and the exhibits, were filed in June 2024.

Various transfers of ownership of the Property have occurred over the years, therefore we set forth the transfers, for clarity, as follows: Decedent devised the Property to Barbara Janssens ("Barbara").  *See* Pls.' Ex. 2.  Barbara transferred her interest to her son, William, for $1 in 2017.  *See* Pls.' Ex. 3. William transferred his interest to himself and his sister Susan Janssens ("Susan") as joint tenants with rights of survivorship for $1 in 2018.  *See* Pls.' Ex. 4.   Susan transferred her interests to Appellees (*i.e.*, herself and Kevin Miele) for $1 in 2020, *see* Pls.' Ex. 5, and William transferred his interest to himself and Appellants, with rights of survivorship for $10, *see* Pls.' Ex. 6, and then William died.  Thus, the interests in the property are equally divided between Appellants and Appellees.  We add that Appellants are the children of Decedent's other daughter, Joan Ferrante, and they hold title to a lot adjacent to the Property that benefited from the right of first refusal in Decedent's will.

- 3 -

Appellants raise the following issues for our review:

> I.     Whether the trial court committed an abuse of discretion or an error of law in granting the relief requested by [Appellees] in their motion for enforcement of partition because the right of first refusal at issue was a separate legal right held only by [Appellants] that was not subject to partition by the court?

> II.     Whether the trial court committed an abuse of discretion or an error of law by extinguishing the right of first refusal contained in the will of [Decedent] for the reasons relied upon in its opinion granting enforcement of partition?

Appellants' Br. at 6 (unnecessary capitalization omitted).[2]

Generally, our standard of review in partition actions is limited to determining  whether the court's findings of fact are supported by competent evidence, whether the court committed an error of law, or whether the court abused its discretion.  *See Russo v. Polidor*, 176 A.3d 326, 329 (Pa. Super. 2017).  To the extent that an error of law is asserted, our standard of review

---

[2] Appellees argue that Appellants were required to file post-trial motions following the contested order pursuant to Pa.R.Civ.P. 227.1; and because Appellants did not, Appellants have waived their issues in this appeal.  *See* Appellees' Br. at 2-3.  However, we note that Appellants do not appeal from the order directing the partition and distribution of the proceeds.  Rather, approximately two months after the trial court's order directing the sale and distribution of the proceeds, *Appellees* filed a motion for enforcement of the partition order.  *Compare* Order, 9/25/23 (directing sale and distribution of proceeds) *with* Mot. for Enforcement, 11/27/23 (moving for compliance and enforcement of the partition order); *see also* Order, 3/4/24 (granting Appellees' motion for enforcement).  Thus, Appellants do not appeal from the partition order, but from a post-partition order directing enforcement of the order.  We conclude that a post-trial motion pursuant to Rule 227.1 is not required, and, consequently, we decline to find waiver.  *Cf*. *Kramer v. Schaeffer*, 751 A.2d 241, 244 (Pa. Super. 2000) (holding that an appeal from an order denying a post-verdict motion to enforce a settlement offer/agreement does not require the filing of post-trial motions).

is *de novo*. **_See id_**. Because this appeal involves construction of a will, we note that our standard of review concerning the construction of a will is *de novo* and our scope of review plenary. **_See Murphy v. Karnek_**, 160 A.3d 850, 862 (Pa. Super. 2017).

In their first and second issues, both of which relate to the validity of a right of first refusal originating in a will provision, Appellants argue the trial court erred in granting Appellees' motion to compel conveyance of the property without the right of first refusal. Because Appellants' issues relate to the same facts and law, we address them together.

Regarding partition actions, this Court has explained:

> [T]he right to partition is an incident of a tenancy in common, and an absolute right. The purpose of partition is to afford those individuals who no longer wish to be owners the opportunity to divest themselves for a fair compensation. While owners of property generally have an absolute right to partition, parties are free to restrict that right.

**_Russo_**, 176 A.3d at 329 (internal citations and quotations omitted).

A right of first refusal is defined as follows:

> A right of first refusal constitutes a promise to offer the *res* of the right to the promisee for such consideration as the promisor determines to accept on the basis of an offer from a third party before accepting the offer of the third party. A right of first refusal does not require the promisor to offer the *res* at all. The right of first refusal merely requires that before the promisor accepts an offer of a third party, the promisor must offer the *res* to the promisee of the right for the consideration the promisor is willing to accept from the third party.

**_Citimortgage, Inc. v. Comini_**, 184 A.3d 996, 999–1000 (Pa. Super. 2018) (internal citation omitted).

- 5 -

This Court has explained the two ways in which a right of first refusal may operate:

> First, if owner receives an offer from a third party for his land and owner decides to sell, owner must first offer the property to [promisee]. The terms of the owner's offer to the [promisee] are identical to those contained in the third party's offer. **Second, if owner initiates everything and decides to sell his property, his first offer must be to [promisee]. In neither case can [promisee] force [the] owner to sell. Before [promisee's] right of first refusal comes into effect, owner has already come to a good faith conclusion that he wishes to dispose of his property. Further, [promisee] is never forced to buy the property; he is always free to not exercise his right.** All of this amounts to a small restraint on alienation that the law has allowed.

*Delaware River Pres. Co., Inc. v. Miskin*, 923 A.2d 1177, 1181 (Pa. Super. 2007) (internal citation and emphasis omitted; emphasis added). That is, if the owner of an interest in property decides to sell their interest in property, they must first offer the property to the holder of the right of first refusal, after which the holder of the right may exercise the right or not.

As a general matter, rights of first refusal have been held to be "exclusively contractual," that is, the right "gives . . . no title to or interest in the land, and creates only a personal obligation." *Comini*, 184 A.3d at 1000. (internal citations, quotations, and emphasis omitted). As a contractual obligation, personal to the contracting parties, a right of first refusal originating in a contract is not a covenant that runs with the land, and it therefore does not bind future parties. *See id*. at 1001.

However, a right of first refusal may also be created in a deed which may bind the estate of the grantor. *See Estate of Royer v. Wineland Equipment, Inc.*, 663 A.2d 780, 781-82 (Pa. Super. 1995). Our Supreme Court has also recognized that a right of first refusal can be created *via* a will. *See In re Weiskircher's Estate*, 122 A.2d 60, 61-62 (Pa. 1956). Additionally, in *Griffith*, 886 A.2d at 254, for example, this Court held to be enforceable a provision in a will through which a decedent devised his one-half interest in property to his heirs subject to the condition that they not divide the property without the consent of the decedent's brother, who owned the other half interest in the property.

Lastly, this Court has explained that "[w]hen interpreting a will, we emphasize that the intention of the testator is of primary importance, the lodestar, cornerstone, cardinal rule[,] and cannot be defeated unless it is unconstitutional, unlawful, or against public policy." *Id*. at 253 (internal citation and quotations omitted).[3] This Court has explained that it "must first look to the precise wording of the will to determine the testator's intent. Great deference is given to the meaning of the words in the four corners of the will, and a court cannot determine what the testator might have desired by

---

[3] Where a testator's intent is to prohibit or postpone the partitioning of property, a provision to this effect will be upheld. *See Griffith*, 886 A.2d at 253.

considering extrinsic evidence." ***Hennessey v. Hennessey***, 883 A.2d 649, 652 (Pa. Super. 2005) (internal citations omitted).[4]

Appellants argue in their first issue that the trial court erred because the right of first refusal is not "subject to partition by the court." Appellants' Br. at 11 (unnecessary capitalization omitted). Appellants concede the right of refusal was not contained in any deeds in the chain of title, and also acknowledge that a right of first refusal is generally contractual in nature and personal to the parties. ***See id***. However, they maintain that the right of first refusal is still valid because the interest in the Property conveyed to Appellees has stayed with Barbara Janssens and/or her heirs, and there were no purchasers of the Property in the meantime. ***See id***. Because Appellees are still owners of the Property, they are "contractually bound to compliance with the right of first refusal" contained in the will. ***Id***. at 12. Appellants argue Decedent's "clear intent . . . was to afford an opportunity to [Appellants] to keep the [Property] in the family should [Appellees] choose to sell it during a time when [Appellants] still[] owned the adjoining parcel." ***Id***. at 12-13. In their second issue, Appellants maintain the partition action and conveyance of property from Appellants to Appellees did not extinguish the right of first refusal because the right is contractual, and therefore "entirely separate from the partition proceedings and unaffected thereby." ***Id***. at 17.

_____

[4] This Court, however, may consider extrinsic evidence to clarify ambiguous terms of the will. ***See Hennessey***, 883 A.3d at 652-53.

The trial court considered Appellants' arguments and concluded they merit no relief. Initially, the court determined that the right of first refusal is not a covenant that runs with the Property, and, therefore, Appellants had no basis to include the right in the deed transferring the Property to Appellees. **See** Trial Ct. Op., 3/4/24, at 2-3 (applying **Comini**, 184 A.3d at 1001 (holding that a right of refusal is a contractual right that does not run with the land)). The trial court also held that, assuming *arguendo* that the right of first refusal did run with the land, the right was extinguished either when Barbara conveyed her interest in the property to her son William, or, alternatively, when the court issued an order in July 2023 confirming the sale following the partition action and auction. **See id**. at 3.

Following our review, we affirm based on the trial court's conclusion that Appellants have no right of first refusal following the first conveyance from Barbara to William. We begin by setting forth the will provision creating the right of first refusal:

> I give all of my right, title and interest in and to [the Property] . . . to my beloved daughter BARBARA JANSSENS. If my said daughter BARBARA JANSSENS shall not survive me, I give said property, in equal shares[,] to such child or children of hers as shall survive me. **This devise is made provided always that, in the event my said daughter BARBARA JANSSENS, her heirs, executor or administrator, should choose to sell said real property at such time as my daughter JOAN FERRANTE or any child or children of hers then hold title to [an adjacent parcel], then my said daughter BARBARA JANSSENS, or her heirs, executor, or administrator, must first offer said real property to my said daughter JOAN FERRANTE, if then living, or to any child or children of hers**

> ***then living and then holding title . . . at [a] price based upon its then fair market value.***

Defs.' Ex. 1 (unnumbered at 13-14) (emphasis added).

Our review of this will provision indicates that Decedent's express intent was to create a right of refusal in favor of Joan Ferrante and her children should Barbara, "her heirs, executor or administrator" choose to sell the property. ***See*** Defs.' Ex. 1. It is uncontested that neither Barbara nor her estate has an interest in the Property; accordingly, they cannot choose to sell it, and, therefore, Appellees can have no right of first refusal vis-à-vis them. The remaining question is whether Barbara's "heirs" hold title to the Property. This Court has explained: "Use of the phrase 'heirs' merely provide[s] for the possibility that [a person] may have died without transferring the property or without designating a successor to his property either by will or by law." ***Southall v. Humbert***, 685 A.2d 574, 579 (Pa. Super. 1996) (citing Black's Law Dictionary 651 (5th ed. 1979)). Because Appellees are not Barbara's heirs—that is, they did not receive the property from Barbara "via the laws of inheritance," ***see id***., but rather by conveyance from William to Susan, and then Susan to Appellees—Decedent's will creates no right of first refusal for Appellants enforceable against Appellees. ***See Griffith***, 886 A.2d at 254 (providing that when interpreting a will, the intention of the testator is of primary importance); ***Hennessey***, 883 A.2d 652 (stating that courts must look to the "precise wording" of a will to discern the testator's intent).

Decedent's intent is manifest in the unambiguous language of the will which creates a right of first refusal only if certain persons choose to sell the Property, *i.e.*, Barbara, her heirs, or the executor or administrator of her estate. We note that had Decedent intended to create the right of first refusal for Appellants should Barbara's children (e.g., William and Susan, respectively) choose to sell the Property, Decedent could have so specified. In fact, in creating the right of first refusal for Appellants, Decedent expressly used the terms "Joan Ferrante . . . ***or to any child or children of hers then living***," Defs.' Ex. 1 (unnumbered at 13-14) (emphasis added), which shows that Decedent was capable of using the term "child" and "children" if he so desired, but he opted not to do so. Accordingly, the trial court correctly concluded that Decedent's will did not bind Appellees to the right of first refusal.[5]

_____

[5] Where there is a valid right of first refusal that is violated or ignored, the holder of the right may seek specific performance of the right—though specific performance "is not a matter of right but of grace[,] and will not be granted unless the party seeking the relief is clearly entitled to it." ***Miskin***, 923 A.2d at 1182 (internal citations omitted). We note that the sale from Barbara to William was subject to the right of first refusal because it was not involuntary, nor was the conveyance gratuitous (that is, it was not a gift). ***Cf. id***. at 1181 n.2 (discussing situations where the right of first refusal is not triggered); ***see also id***. at 1181 (stating that the right of first refusal requires the seller to offer to the property to the holder of the right "for the consideration [the seller] is willing to accept from the third party") (internal citation omitted). Appellants' undeveloped argument that the transfer from Barbara to William did not trigger the right of first refusal is unpersuasive. ***See*** Appellants' Br. at 14. Additionally, we note that Appellants have not contested the sale from Barbara to William, and in fact, they later benefitted from it by purchasing
*(Footnote Continued Next Page)*

For the foregoing reasons, we affirm the trial court's order.[6]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/30/2025

_____

their interest in the Property thereafter from William in November 2020 for $10.  **See** Pls.' Ex. 6.

[6] We note Appellants' argument that the effect of the trial court's order is to extinguish a right of refusal where a partition action has been filed.  **See** Appellants' Br. at 17-18.  The effect of the trial court's order, however, was not to extinguish the right of first refusal based on the partition action, because there was no longer a right of first refusal regardless of the partition action.  Accordingly, the trial court did not "subject" the right of first refusal to partition relief.  **Contra id**. at 13.  Rather, the trial court's order required Appellants to convey their interest in the property, following the partition agreement, without recording in the deed the invalid right of first refusal.

Additionally, Appellants assert, without discussion of pertinent authority, that Appellees should have sought relief *via* a quiet title action, and, because they did not, the trial court was not empowered to consider the right of first refusal issue.  **See** Appellants' Br. at 18.  Because Appellants cited no authority for this proposition, this argument is waived.  **See, e.g., Harris v. Toys "R" Us-Penn, Inc.**, 880 A.2d 1270, 1279 (Pa. Super. 2005) (stating that "[w]e have repeatedly held that failure to develop an argument with citation to, and analysis of, relevant authority waives that issue on review") (internal citation omitted); **see also** Pa.R.A.P. 2119(a).  In any event, our review has found that a right of first refusal may be litigated in various different types of actions including: injunctions (**Perrige v. Horning**, 654 A.2d 1183, 1186-87 (Pa. Super. 1995)); breach of contract (**Miskin**, 923 A.2d at 1179); and quiet title (**Steuart v. McChesney**, 424 A.2d 1375, 1376 (Pa. Super. 1981)).  We have discovered no authority prohibiting a trial court from considering a right of first refusal in context of partition proceedings.